THE STATE ex rel. GLEN G. WEATHERBY, Prosecuting Attorney, v. DICK & BROS. QUINCY BREWING COMPANY, Appellant.

Division One, February 20, 1917.

1. **INJUNCTION: Public Nuisance: Selling Liquors.** Injunction cannot be used to restrain the sale of beer in a county which has adopted the Local Option Law unless the seller has been guilty of aiding and abetting the commission of a public nuisance.

State ex rel. v. Brewing Co.

2. ——: ——: ——: **Pleading.** The petition for an injunction to restrain the selling of intoxicating liquors must specifically set out the facts constituting the public nuisance. The mere statement of legal conclusions is not sufficient.

3. ——: ——: ——: **Statement of Cause of Action.** A petition for an injunction charging that defendant from its brewery in Illinois daily sells and ships into a Missouri county in which the Local Option Law is in force, to divers persons, large quantities of beer; that it has been so selling and shipping for a long time, and will continue to do so unless restrained therefrom, does not state the semblance of a cause of action, because (1) the statute (Sec. 7228, R. S. 1909) authorizes any person in such county to order liquor for his own and his family's use where it is sent directly to him, (2) the brewer is authorized to sell beer in Illinois to such a person, and (3) in the absence of any charge to the contrary it cannot be presumed that the brewer was violating any law in shipping beer to persons in said county.

4. ——: ——: ——: **Public Nuisance: Aiding Sales.** And a petition which further charges that by reason of such shipments divers persons are enabled to sell, barter and give away said beer in said county, contrary to the Local Option Law; that by reason thereof said Illinois brewer is assisting and enabling such persons to sell beer in said county by retail and thereby maintaining a public nuisance, fails to state any facts which even remotely tend to show that the defendant brewer violated any law in selling said beer in Illinois, or assisted by such sale in establishing a nuisance in said county.

5. ——: ——: ——: ——: **Turbulent Crowds: Scienter.** And averments in said petition that by reason of the sale of beer in said local-option county large crowds of idle and turbulent people assemble at the places where such beers are kept and sold, to the great injury of society and the general welfare of the people of the county, without naming the vendors or the places where the beers are sold, and without charging that the defendant or any of his agents knew or knows of the congregation of said idle and turbulent persons, does not charge facts sufficient to show that the defendant brewer in Illinois is maintaining a public nuisance in said county.

6. ——: ——: **Crime.** The congregation of divers idle and turbulent persons in secret places where intoxicating liquors are sold and drunk may constitute a crime; but a brewer, who is not charged with knowledge of their turbulent character or of their assembling and drinking in such secret places, is not maintaining a public nuisance by the mere fact that the beer sold at his Illinois brewery enables divers persons to sell it in such Missouri town.

Appeal from Adair Circuit Court.—*Hon. Charles D. Stewart,* Judge.

REVERSED AND REMANDED (*with directions*).

*Chas. E. Murrell* for appellant.

(1)   The State could not have resorted to a court of equity to restrain consignees from selling intoxicating liquors, including beer, and conducting their places and carrying on their business as stipulation states they did. They were violating the criminal laws of the State and should have been prosecuted under such laws. State ex rel. v. Urig, 14 Mo. App. 413.   (2) Even though consignees could have been restrained from selling intoxicating liquors and maintaining nuisances, it does not follow that appellant could be restrained from filling orders for beer and consigning the same to them. State ex rel. v. Moffett, 188 S. W. 930; 29 Cyc. 1202; State v. Rankin, 3 S. C. 438.   (3) Appellant was engaged in interstate commerce and neither the county nor the circuit court could regulate or restrain that commerce. U. S. Constitution, art 1, sec. 8.   (4) Respondent's bill shows on its face that the State has an adequate remedy at law by resorting to criminal prosecution against consignees.   (5) The court had no jurisdiction of the subject-matter of the suit, and is without authority to regulate appellant's acts and conduct in a foreign State.

*Glen C. Weatherby pro se.*

(1)   If the evidence in the case shows that the defendant is selling and causing to be delivered intoxicating liquor to a person or persons, in a local-option county, knowing that the person or persons to whom such liquor is sold and delivered, are selling said liquor in contravention of law, and that the sale thereof by such person or persons, is habitual, and results in drawing together at the place where said liquor is sold, numbers of idle, dissolute and vicious people, addicted to the use of intoxicants, then and in that event, plaintiff contends, that the defendant is aiding and abetting the maintenance of a public nuisance and is subject to the police regulation of the State to be administered through and by a

court of equity and subject to be enjoined on a proper procedure therefor. State ex rel. Thrash v. Lamb, 237 Mo. 437; State v. Intoxicating Liquors, 106 Me. 138; 29 Cyc. 1201. (2) It is argued by the defendant, that the shipments of liquor, involved in this case, were interstate, and hence, protected by the Interstate Commerce Act, and that a State cannot by injunctive process, restrain interstate shipments of liquor. Against this contention plaintiff presents the Webb-Kenyon Law, which has been held constitutional in the following cases: United States v. Oregon Nav. Co., 210 Fed. 378; State v. Grier, 88 Atl. 579; State v. Van Winkle, 88 Atl. 807; State v. Express Co., 145 N. W. 451.·

RAILEY, C.—Respondent, as prosecuting attorney of Adair County, Missouri, filed in the circuit clerk's office a petition to restrain defendant from shipping beer into said county, in violation of the Local Option Law, in force in said county. The petition alleges, that the Local Option Law of this State is and has been in force in said county; that defendant daily. sells and ships into Adair County aforesaid, to divers persons, large quantities of intoxicating liquors, to-wit, beer; that defendant has been so selling and shipping for a long time, and will continue so to do, unless restrained therefrom. The petition alleges:

"That by reason of the defendant selling and shipping beer, as hereinbefore alleged, into said Adair County, Missouri, divers persons are enabled to sell, barter and give away said intoxicating liquors, to-wit, beer, in said county, contrary to the Local Option Law, and by reason thereof said defendant is assisting and enabling such persons to sell by retail in said Adair County, Missouri, such intoxicating liquors, and thereby maintaining public nuisances throughout said county.

"That by reason of the sale of such intoxicating liquors in said county large crowds of idle and turbulent people addicted to the use of intoxicating liquors assemble at the places where such intoxicating liquors are kept and sold, to the great injury to society and the

general welfare of the people of said county; that unless
said defendant is restrained from selling and shipping
said liquors into said Adair County, Missouri, such
nuisances will continue to be maintained in said county,
and the interest of the people and the general welfare
of the public thereby and by reason thereof, jeop-
ardized.''

The petition states that there is no adequate remedy
at law.

The prayer covers the allegations of petition, and
the latter is duly verified, etc.

The answer of defendant admits that it is a corpora-
tion, organized under the laws of Illinois, with its place
of business at Quincy, in said State; that it is now, and
has been for many months prior hereto, engaged in the
manufacture and sale of intoxicating liquors, to-wit,
beer; that it has been engaged in the business of manu-
facturing and selling beer at said city of Quincy in the
State of Illinois. The answer denies each and every
other allegation contained in plaintiff's petition.

The answer further charges that the acts and
matters complained of in petition, are matters of inter-
state commerce; that if a restraining order is issued
herein it will be in violation of section 8, article 1, of
the Constitution of the United States, in that it attempts
to restrain and regulate commerce between the citizens
of the State of Illinois, and citizens of the State of
Missouri; that such restraining orders are and would
be in violation of the Fourteenth Amendment of the
Constitution of the United States of America, in this,
that it abridges the privileges and immunities of citizens
of the United States and deprives the defendant of its
property and rights without due process of law, and de-
nies to the defendant the equal protection of law; that
said restraining orders prevent defendant from exer-
cising its rights and privileges granted it by virtue of
section 7228, Revised Statutes 1909 of Missouri, in this,
that it prohibits and prevents the defendant from selling
and delivering to any person or persons in Adair County,
Missouri, intoxicating liquors for their own, or family

use, where such liquors are sent direct to the person using same; that said restraining orders deprive defendant of its property without due process of law in violation of section 30, article 2, of the Constitution of Missouri, and section 4, article 2, of the Constitution of Missouri; that the plaintiff has an adequate remedy at law.

The case was submitted to the trial court upon the following stipulation:

"(1) That the defendant is a corporation organized under the laws of the State of Illinois, with its place of business at Quincy, in the State of Illinois, and that said defendant has been, at all times mentioned in the plaintiff's petition, engaged in the manufacture and sale of what is known as 'Dick Brothers' Beer,' an intoxicating liquor, at Quincy, Illinois.

"(2) That at the times mentioned in the petition the Local Option Law was in full force and effect within the corporate limits of the city of Kirksville, and within the limits of Adair County outside of the city of Kirksville.

"(3) That at all the times mentioned in the petition in this cause, the persons specifically named in said petition, as well as divers other persons in said Adair County, and in said city of Kirksville, were, and had been for several months prior to the filing of said petition, engaged in the habitual sale of intoxicating liquors, including beer, both within the corporate limits of said city of Kirksville, Missouri, and in Adair County, Missouri, outside of the corporate limits of said city of Kirksville; and that said parties sold said intoxicating liquors, including beer, to any and all persons who might apply therefor, indiscriminately, and on every day of the week, including Sunday; and that by reason of such sales of intoxicating liquors, large crowds of idle and turbulent people addicted to the use of intoxicants assembled at said places of business for the purpose of buying and drinking intoxicating liquors.

"(4) That the defendant did frequently, at short intervals, up to the time of filing the petition in this

cause, sell and cause to be delivered as herein below stated to the parties engaged in the habitual sale of intoxicating liquors, as aforedescribed, quantities of beer ranging from one case upwards; that these shipments of beer were on the written order of the party buying the same taken by one Jess Jamison on a form as hereto attached and marked 'Exhibit A;' that sometimes the money was sent in with the order with which to pay for said beer, and sometimes collection was made therefor after delivery, either by remittance by mail from the purchaser direct to defendant or by payment to the said Jamison in Adair County.

"(5)    That the said Jess Jamison was at all times mentioned in the petition the agent of the defendant for the purpose of receiving and sending to defendant written orders of the purchasers for such beer as shown by said Exhibit A; said orders being accepted or rejected by defendant at its option, at Quincy, Illinois.

"(6)    That the orders for beer shipment, herein referred to, were ordered in writing in the name of the party buying the same, and delivered to railroad or express company at Quincy, Illinois, consigned to the party named in the written order.

"(7)    That the said Jess Jamison is a resident of the city of Kirksville, Missouri, and has been for many years last past, continuously, and is personally acquainted with the parties named in said petition, and knew that such parties bore the general reputation of being constant violators of the Local Option Law."

"EXHIBIT A

"Mail Order Department

Date ......................191....

"Dick & Bros. Quincy Brewing Co., Quincy, Ill.

Gentlemen:   Please ship direct to the undersigned at ...................., the goods mentioned below by express.

freight.    Ship in the name of ........................

................Casks   10 Doz., Small size ..........

.......:..........Cases    3 Doz., Small size..........

................Cases    3 Doz., Small size..........

............... Casks    6 Doz., Large size .........
...............: ........ Cases    2 Doz., Large size .........
............... Boxes    2 Doz., Large size .........
Enclosed please find (        ) for $................. in
payment of the above goods.

                    Respectfully,

        Name ....................................
        Address ..................................
        ..........................................''

This was all the evidence.

The court found the issues for plaintiff, and concluded its judgment as follows:

"Wherefore it is ordered, adjudged, and decreed by the court that the defendant be and is hereby restrained and enjoined from selling and delivering to any person or persons, firm or corporation in Adair County, Missouri, intoxicating liquors, to-wit, beer, and that defendant be perpetually restrained and enjoined from causing said beer to be shipped to or delivered to any such person or persons, firm or corporation in Adair County, Missouri, except that defendant may sell and ship beer to any person or persons in said county where the same is in good faith ordered and bought by such person or persons for his own or family use, in which said case defendant shall ship and deliver said beer direct to the person ordering same."

Defendant filed its motions for new trial and in arrest of judgment, both of which were overruled and the cause duly appealed to this court by defendant.

I.   The prosecuting attorney of Adair County, Missouri, commenced this action by injunction, in the circuit court aforesaid, to restrain defendant from shipping beer into said county, where local option is in force, under the circumstances disclosed in the petition and agreed statement of facts, heretofore set out. The different sections of our statute relating to this subject, will be found in the Revision of 1909, as follows:

*Injunction.*

Section 7227: "No person shall keep, store or deliver for or to another person, in any county that has adopted or may hereafter adopt the Local Option Law, any intoxicating liquors of any kind whatsoever."

Section 7228: "Nothing in the two next preceding sections shall be construed to prohibit any person from ordering liquor for his own or family use, where' such liquor is sent direct to the person using same."

Section 7243 provides that in local option counties, it shall not be lawful, for any person within the limits of such county, "to directly or indirectly sell, give away or barter in any manner whatever, any kind of intoxicating liquors or beverage containing alcohol, in any quantity whatever, under the penalties hereinafter prescribed." Any person found violating the provisions of sections 7227 and 7228 shall be deemed guilty of a misdemeanor and fined not less than $300, nor more than $1,000 or imprisoned in the county jail for not less than three months nor more than one year, or by both such fine and imprisonment (Section 7229). Any person violating section 7243, supra, shall be deemed guilty of a misdemeanor and punished by a fine of not less than $300, nor more than $1,000, or by imprisonment in the county jail not less than six months nor more than twelve months, or by both such fine and imprisonment.

There is no provision in our statute relating to injunctions, nor in the Local Option Law of this State, specifically authorizing the issuance of an injunction under the circumstances of this case. If any right of action exists, it must be predicated **Pleading.** upon the idea that defendant has been guilty of aiding and abetting the commission of a *public nuisance;* and that a court of equity has the inherent right to abate the same. The petition for injunction, in order to pass muster, must specifically set out the facts necessary to establish a *public nuisance;* and the mere statement of *legal conclusions* does not meet this requirement. [State ex rel. v. Railroad, 240 Mo. l. c. 50; Gibson v. Railroad, 225 Mo. l. c. 482.]

Considered in the light of above authorities, does the petition state facts sufficient to constitute a cause of action against appellant? The latter is chartered under the laws of Illinois, and so far as the record shows was

legally authorized to manufacture and sell beer in said State.

In State v. Rosenberger, 212 Mo. 648 et seq., Morton, a resident of Webster County, Missouri, in which local option was in force, ordered a gallon of whisky from the above defendant at Kansas City, Missouri. It was sent in a package C. O. D., and Morton paid the express agent the price therefor at the time it was *delivered* to him, and the agent sent the money to said defendant at Kansas City. Our Court in Banc held, that Kansas City was the *place* of sale; that the sale was complete when the liquor was shipped *there* and that defendant did not violate the Local Option Law of Webster County.

Turning to the charging part of the present petition, we find that it is averred: (1) That defendant daily sells and ships into Adair County, Missouri, where local option exists, to divers persons, large quantities of beer, which is intoxicating; that it has been so selling and shipping for a long time and will continue to do so unless restrained therefrom. This paragraph taken by itself, does not state the semblance of a cause of action for several reasons: (a) Because, section 7228, Revised Statutes 1909, authorized any person in Adair County to order liquor for his own use, or that of his family where it is sent directly to him; (b) the defendant was authorized to sell beer at Quincy, Illinois, to any of the last named persons, without violating any law; (c) in the absence of any charge to the contrary, it cannot be *presumed*, that defendant was violating any law in shipping beer to persons in said county.

(2) It is charged in the petition that by reason of the *above* shipping of beer into said county, *divers persons* are *enabled* to sell, barter and give away said beer, in said county, contrary to said Local Option Law; that by reason thereof, said defendant is *assisting* and enabling *such persons* to sell, by retail, in said county, such intoxicating liquors and thereby maintaining *public* nuisances throughout said county. This paragraph signally fails to state any *facts,* which even *remotely,* tend to show that defendant violated any law when it

sold beer to said parties at Quincy; or that the pur-
chasers thereof were not lawfully entitled thereto when
received. When the defendant delivered the beer on
board the car at Quincy, directed to the person who had
ordered the same, the sale was complete, and if any
one *assisted* in establishing a nuisance by reason of the
delivery of said beer in Adair County, it was the carrier,
which transported the same, and not the defendant.
Our court in Banc, speaking through Judge Bond, in
which all the members of the court concurred, handed
down an opinion a few days since, in State ex rel. C. B.
& Q. Railroad Co. v. Woolfolk, 269 Mo. 389, in which it
was held, that an injunction would not lie against the
*carrier* for delivering intoxicating liquors to individuals,
in a local option county; and that the injunctive process
could not be legally issued out of a court of chancery
to enforce the provisions of a criminal statute, etc. If
the act of the railroad company in delivering beer in a
local option county *is not the proximate cause of a nuis-
ance thereafter created by the* purchaser of such liquor,
neither is the act of defendant, in making a *valid sale*
to a *legitimate purchaser,* even if the latter, in conjunc-
tion with others, should thereafter create a public nuis-
ance by drinking and raising a disturbance. This charge,
like the preceding one, fails to state any facts which
could sustain a recovery in this action.

(3) The petition avers, that by reason of the sale
of such intoxicating liquors in said county, large crowds
of *idle* and *turbulent* people, addicted to the use of in-
toxicating liquors assemble at the places where such in-
toxicating liquors are kept and sold, to the great injury
to society and the general welfare of the people of said
county; that unless defendant is restrained from selling
and shipping said liquors in said county, such *nuisances*
will continue to be maintained in said county and the
interest of the people and the general welfare of the
public jeopardized thereby.

The names of the vendors of said liquor, and the
*places where they are supposed to have sold the same,*
are not mentioned. It is not averred that defendant, or

any of its agents, *knew* anything about the congregation of said *idle* and *turbulent* citizens aforesaid, at the places where the alleged public nuisances were created. It is not alleged, that when said public nuisances were committed, any of these *idle* and *turbulent* citizens, *were under the influence of liquor, or using any of that alleged to have been sold by defendant, or any one else.* We are of the opinion, that the mere *assembling of idle and turbulent citizens at a given place where liquor is sold, does not constitute a public or private nuisance, unless it appears that they have been guilty of some misbehavior which is . sufficient under the law to produce such result.* But even if idle and turbulent men of. said county had *met,* at a place where liquor was sold in contravention of law; and even if they had *used* a portion of said liquor; had become *intoxicated and created a disturbance* by reason thereof, this does not militate against the right of defendant to sell its beer at Quincy, to legitimate customers, and especially when it does not appear from the petition, that any of these 'alleged *idle* and *turbulent* men, or the vendors of intoxicating liquors, had bought beer from the defendant.

If the *divers persons* who are selling intoxicating liquors illegally in Adair County, have a public place for doing this kind of business, then we are at a loss to understand why they have not been prosecuted and said business suppressed through the criminal laws of the State. It is fair to assume, in the absence of. any allegation upon the subject, that these *divers persons* and vendors of liquor, must have been engaged in this disreputable business in *secret places,* and in *this* manner were evading criminal prosecutions. In either event, it was necessary for the petition to contain by way of *scienter,* that defendant had *notice* that these *divers persons* were engaged in such illegal practices, and aided or assisted them in carrying on such business. But even this would constitute no grounds for calling upon a court of chancery for relief, when just as adequate a remedy was afforded at law. In order to invoke the aid of the chancellor, in the issuance of injunctive process, it

is alleged that *idle* and *turbulent* people addicted to the use of intoxicating liquors, assemble at the above places, where the liquor is illegally sold or given away, to the injury of the public, but unless they are alleged to have been *drinking beer* or other intoxicating liquor, and *put into execution* their turbulent dispositions, to the detriment of the public, we do not understand how their *mere presence,* in connection with the illegal disposition of intoxicating liquors, without taking any part in the proceeding, can be considered, in contemplation of law, a public nuisance, so as to justify a court of equity, in superseding the criminal law and abating same.

The petition therefor, taken as a whole, undertakes to restrain defendant from engaging in its legitimate business, in selling to persons authorized by law to purchase its goods, for the *alleged* reason that it *enables divers persons, who have no connection with defendant,* to sell intoxicating liquors in violation of the Local Option Law, *with those present,* who are *idle* and *addicted* to the use of intoxicating liquors. It is not averred, *that defendant sold its beer* to any of these *divers persons who are idle and addicted to the use of intoxicating liquors, nor that it sold to any of those persons who were selling intoxicating liquors in violation of law.*

In discussing this subject, Judge BOND, in State ex rel. C. B. & Q. Railroad Co. v. Woolfolk, 269 Mo. l. c. 396, very clearly and forcefully stated the law applicable to the present controversy, as follows:

"In order to connect the relator with the public nuisance, alleged in the petition to have resulted from the drunkenness and disorder referred to, it was indispensable that the plaintiff should show that these were caused directly by the mere act of the defendant in transporting and delivering such commodities in Pike County, or that it participated in bringing about this condition. The subsequent happening of such a state of intoxication did not establish that it was caused by the act of the relator, there being no allegations that it was concerned either in the sale or distribution of intoxicating liquors to or among the people of this portion of Pike

County, or that it did any act which necessarily created a state of general drunkenness and disorder at the places referred to in the petition."

In the same opinion, it is said:

"It will be seen from this language of the petition that the petitioner wholly fails to set forth any facts showing that the things done by relator were the *proxi-. mate and efficient cause* of the creation of a public nuisance. No court of equity can enjoin any transaction however violative of the criminal law on the part of the defendant, which does not bear such a causal relation to the public nuisance averred in the petition."

In view of the above clear exposition of the law, in respect to the matter under consideration, we do not deem it necessary to pursue this discussion further. We therefore hold that the petition fails to state a cause of action for injunction and that this court can determine its sufficiency although no attack was made thereon in the trial court. [Titus v. Development Co., 264 Mo. 1. c. 240, 174 S. W. 1. c. 435, and cases cited; Carpenter v. St. Joseph, 263 Mo. 1. c. 711; Chandler v. Railroad, 251 Mo. 1. c. 599-600; Hudson v. Cahoon, 193 Mo. 547.]

II. Even if the petition had stated a cause of action, yet, under the agreed statement of facts heretofore set out, in view of what we have held in the preceding proposition, no recovery can be had.

We therefore reverse and remand the cause, with directions to the lower court to set aside its judgment heretofore rendered, and to dismiss the plaintiff's bill.

*Brown, C.,* concurs.

PER CURIAM:—The foregoing opinion of RAILEY, C., is hereby adopted as the opinion of the court. All of the judges concur.