John and Janice KELLY, Appellants,

v.

BOYS' CLUB OF ST. LOUIS, INC., Michael V. Janes, Anton Sestric, James A. Altodonna, Harry T. Bussman, Jr., Joseph W. Martino, Carl A. Enger, Eugene P. Slay, John Doe and Ken Wild, Defendants.

No. 40058.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 2, 1979.

Kroening, Mertz & McDaniel, J. Douglas McDaniel, St. Louis, for appellants.

London, Greenberg & Fleming, C. John Pleban, Burton Greenburg, St. Louis, for defendants.

SMITH, Judge.

Plaintiffs appeal from the action of the trial court in dismissing their five count petition seeking equitable and legal relief.

Plaintiffs are the owners of property including a home in Soulard Historic District contiguous to and across the street from property owned by defendant Boy's Club. The defendants are the Boy's Club, a pro forma corporation, and its Directors and Executive Director. The petition was based upon the claimed action of the Boy's Club allowing buildings in the Soulard Historic District to deteriorate in order that the Boy's Club could obtain authority to demolish them. Counts I, II and III sought injunctive relief (1) to require Boy's Club to protect and preserve the buildings, (2) to prevent demolition of the buildings and (3) to abate the nuisance by protecting and preserving the buildings. Count IV sought damages for nuisance and Count V sought damages for emotional distress.

■ Since the filing of the notice of appeal, the buildings have been demolished pursuant to authority from the City of St. Louis. This matter has been called to our attention by an uncontroverted affidavit which we may consider. *Koch v. Board of Regents of Northwest Missouri State College*, 265 S.W.2d 421 (Mo.App.1954). The relief sought in Counts I, II and III can no longer be provided and those Counts are moot.

Count IV alleges that the Boy's Club permitted the buildings to deteriorate by evicting the tenants, by inviting the public to remove whatever they desired from the buildings, by failing to secure or board up the buildings, by refusing to allow neighbors to board up the buildings, by permitting weeds to grow upon the property and by permitting the property to be used for dumping rubbish and noxious materials. Several violations of city ordinances are alleged. The result of this conduct, it is pleaded, has been to knowingly encourage vandalism, destruction, and arson on the defendant's property, to create a breeding ground for rats, insects and other health hazards, to create a fire hazard, and to

bring into the neighborhood vandals, arsonists and other undesirables. Plaintiffs allege that the actions of the Boy's Club have resulted in plaintiffs' home being damaged, their personal property being stolen, their peace being disturbed, their health being impaired, their property being reduced in value, and their suffering great distress and fear for their well being and safety. Damages, actual and punitive, are sought.

In Count V plaintiffs allege that the conduct of defendants was "willful, extreme, outrageous, wanton, and beyond all possible bounds of decency" and has affected plaintiffs' mental and emotional well being and that plaintiffs have incurred physical and mental harm as a result of stress and fear.

Defendants have raised several contentions in support of the trial court's action. We need not consider those which relate solely to whether the buildings could be demolished under the City ordinances. The first contention we need consider is that plaintiffs' petition fails to state a cause of action as to both Counts IV and V. As to the latter we agree, as to the former we disagree.

■ Taking Count V first, plaintiffs have sought to premise recovery upon the tort of outrageous conduct causing severe emotional distress. Missouri recognized this tort in *Pretsky v. Southwestern Bell Telephone Co.,* 396 S.W.2d 566 (Mo.1965) in which the Supreme Court adopted the position of Restatement (Second) of Torts, § 46 (1965). *See also Watson v. Franklin Finance,* 540 S.W.2d 186 (Mo.App.1976). We find it unnecessary to decide whether the conduct alleged reaches the level of outrage necessary to support such a cause of action. The tort requires that the outrageous actions be committed "intentionally or recklessly" with the desire to inflict severe emotional distress or in deliberate disregard of a high degree of probability that the emotional distress will follow. Sec. 46 Restatement, *supra,* Comment i. There is no allegation in plaintiffs' petition that such intent existed, or that defendants acted recklessly as above defined. There is no allegation that the conduct of defendants was engaged in with any intent to injure anyone, particularly plaintiffs, or with knowledge that it would have a high probability to do so. The petition alleges only that defendants engaged in a course of conduct for their own benefit, not directed toward plaintiffs but in disregard of their rights, which caused plaintiffs to suffer emotional upset. We do not find this sufficient to state a cause of action.

■ We turn to Count IV. "At common law, a 'nuisance' is a wrong arising from an unreasonable or unlawful use of property to the discomfort, annoyance, inconvenience or damage of another, and usually comprehends continuous or recurrent acts." *Meinecke v. Stallsworth,* 483 S.W.2d 633 (Mo.App.1972) [6]; "It is the law that one may not make such an unreasonable, unusual or unnatural use of his property that it substantially impairs the right of another to peacefully enjoy his property." *City of Fredericktown v. Osborn,* 429 S.W.2d 17 (Mo.App.1968) [2-7]. In every case the question is one of reasonableness of use and that determination depends upon the facts and circumstances of each case. *Clinic and Hospital v. McConnell,* 241 Mo. App. 223, 236 S.W.2d 384 (1951) [8-11]. Plaintiffs here have alleged that defendants intentionally and deliberately allowed residential buildings located in a residential neighborhood to seriously deteriorate, to become a health hazard, and to become a haven for vandals, arsonists and undesirables. The activities included failure to obey city ordinances and refusal to permit other persons to protect the property. The allegations sufficiently plead an unreasonable, unusual and unlawful use of the buildings causing discomfort, annoyance, inconvenience and damage to the plaintiffs. The allegations are sufficient to state a cause of action for nuisance. *City of Fredericktown v. Osborn, supra; Clinic and Hospital v. McConnell, supra.*

■ Defendants contend that the nuisance alleged is a public one and plaintiffs lack standing to challenge it. But a private person may pursue an action in nuisance even as to a public nuisance if he suffers a special injury not common to the public

generally. *Clinic and Hospital v. McConnell, supra; Shelton v. Lentz,* 191 Mo.App. 699, 178 S.W. 243 (1915). Whether this nuisance as alleged be deemed public or private, plaintiffs have asserted special injury to themselves and their property based upon their proximity to the nuisance.

■■■ Defendants contend they are not responsible for the criminal actions of third parties such as arsonists and vandals. Some causal connection must exist between the acts of the defendants and the nuisance complained of. *State ex rel. Weatherby v. Dick & Bros. Quincy Brewing Co.,* 270 Mo. 100, 192 S.W. 1022 (1917); *Bellflower v. Pennise,* 548 F.2d 776 (8 Cir. 1977). However, that causal connection is met if the defendants had reasonable anticipation of harm and failed to exercise reasonable care to avert such harm. *Scheibel v. Hillis,* 531 S.W.2d 285 (Mo. banc 1976). Here it is alleged that defendants had such knowledge, did nothing to avert the dangers and in fact affirmatively encouraged such depredations. If the allegations are true, as we must presume them to be for purposes of a motion to dismiss, the reasonableness of defendants' activities and conduct is a question of fact for the fact finder. A property owner cannot knowingly allow his property to become a haven for criminals to the detriment of his neighbors and deny that his property has become a nuisance because the resulting criminal activities are those of third parties. Additionally, the allegations of vermin infestation, health dangers, and fire hazards do not involve the actions of third parties but rather the action or inaction of defendants and are in themselves sufficient to support a claim of nuisance. *Ruppel v. Ralston Purina Co.,* 423 S.W.2d 752 (Mo.1968); *People v. Oliver,* 86 Cal. App.2d 885, 195 P.2d 926 (1948); *Pucci v. Algiere,* 106 R.I. 411, 261 A.2d 1 (1970).

■■■ Defendants contend also that plaintiffs' petition is barred under the doctrine of res judicata because of the prior decision in *Dempsey v. Boys' Club of City of St.* *Louis, Inc.,* 558 S.W.2d 262 (Mo.App.1977) in which plaintiffs were also parties plaintiff. That case was remanded by this court for further proceedings. The record before us does not reveal what the present status of that case is—i. e. is it still pending or has it become final. Res judicata is an affirmative defense and the burden is upon defendants to establish its applicability including the finality of the prior judgment. Rule 55.08. They have not done so here.

Additionally, the *Dempsey* case involved a review of the action of an administrative body—the Board of Adjustment of the City of St. Louis—which had ordered a permit to demolish the buildings be issued. In its judgment in that case the trial court ordered one count dismissed as improperly joined. That count sought equitable relief to prevent the destruction of the buildings because Boys Club had permitted the property to deteriorate. That was the only litigated count which could be considered to have raised a nuisance type claim.[1] The trial court held the joinder of the equitable count was improper in a proceeding to review the decision of an administrative body. On appeal we held the count moot because the matters raised therein could properly be considered by the Board of Adjustment on remand in determining the propriety of issuing a permit for demolition.

■■■ The action for nuisance is a separate and distinct cause of action from that for review of an administrative decision. Res judicata precludes relitigation of the same cause of action between the same parties. *Smith v. Preis,* 396 S.W.2d 636 (Mo.1965) [4–7]. The causes of action in *Dempsey* and here are not the same. Collateral estoppel precludes relitigation of the same issue already decided as between the same parties. *Smith v. Preis, supra.* No issue of fact was resolved in the initial trial court judgment or on appeal concerning the presently asserted claim of nuisance. The Board of Adjustment, of course, had no authority to make a judicial determination

---

1. Plaintiffs in their intervening petition raised a nuisance contention but that petition and the motion to intervene were withdrawn when plaintiffs were joined as additional plaintiffs. There were therefore no claims of nuisance before the trial court in the *Dempsey* case.

of plaintiffs' claim for damages because of defendants' alleged nuisance and whatever it did upon remand of the *Dempsey* case could have no effect on the present common law cause of action. Nor have plaintiffs split their cause of action inasmuch as there is not a single cause of action but two distinct ones. *Chuning v. Calvert*, 452 S.W.2d 580 (Mo.App.1970) [7–9].

Our review of the record and consideration of the matters briefed by the parties convinces us that the trial court correctly dismissed Count V and erroneously dismissed Count IV.

Judgment as to Counts I, II, III and V is affirmed, judgment as to Count IV is reversed and remanded.

SNYDER, P. J., and PUDLOWSKI, J., concur.