**Leonard LAWS, et al.,
Plaintiffs-Appellants,**

v.

**Donald J. HAGER,
Defendant-Respondent.**

**No. 49765.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 28, 1985.

Leonard Laws, plaintiff-appellant, pro se.

Cornelius T. Lane, Jr., St. Louis, for defendant-respondent.

KAROHL, Judge.

Plaintiff Leonard Laws brought a civil suit against defendant Donald J. Hager, a public defender who represented Laws in a criminal case, for legal malpractice. Laws attempted to assign "fifty percent (50%) of all legal rights and standing in the law suit" to co-plaintiff, Doyle Williams. The trial court sustained Hager's motion to strike Williams as a plaintiff for lack of standing and tentatively overruled Hager's motion to dismiss the action. The trial court granted Laws 30 days to plead more definite and certain or "plaintiff's motion will be dismissed." Laws now appeals only the trial court's order striking Williams as a co-plaintiff.

■ The right of appeal is purely statutory. Section 512.020 RSMo 1978 governs who may appeal a case from the trial court and when. *Hill v. Boles*, 583 S.W.2d 141, 147 (Mo. banc 1979).

■ Plaintiff Williams has not appealed. Plaintiff Laws has attempted to appeal for Williams. As Laws is not an aggrieved party he has no right to appeal the dismissal of Williams' petition. *Crigler v. Frame*, 632 S.W.2d 94, 95 (Mo.App.1982). Furthermore, the appeal is not taken from a final judgment. Appeals do not lie from rulings on motions which do not constitute a final disposition of the cause as cases are not to be brought to appellate courts by appeal in detached portions. *Morrison v. Estate of Martin*, 427 S.W.2d 783, 784 (Mo. App.1968). The order striking Williams as co-plaintiff did not dispose of the claim in the trial court and therefore was not a final judgment.

The appeal is dismissed.

PUDLOWSKI, P.J., and GAERTNER, J., concur.