STATE of Missouri,
Plaintiff-Respondent,

v.

Leonard Marvin LAWS,
Defendant-Appellant.

No. 13671.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 24, 1985.

Motion for Rehearing or to Transfer to Supreme Court Denied Oct. 15, 1985.

Application to Transfer Denied
Dec. 17, 1985.

William L. Webster, Atty. Gen., Victorine R. Mahon, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

David Robards, Joplin, for defendant-appellant.

TITUS, Presiding Judge.

A Greene County jury found defendant guilty of capital murder in violation of § 565.001, RSMo 1978, repealed by Laws 1983, p. 922.[1] He received a life sentence without possibility of probation or parole for a period of fifty years. The judge, in his discretion, ordered that the sentence be served consecutively to another life sentence without probation or parole for fifty years which had been previously imposed against the defendant after a capital murder conviction by the Circuit Court of St. Louis County, Missouri, Case No. 449765. Defendant appeals.

A summary of the pertinent facts suffices. In the early morning hours of Decem-

1. Effective date changed to 10–1–84. Laws 1984, p. 757.

ber 29, 1980, a passerby noticed the house of Mrs. Elizabeth Roderique was on fire. He went into the house to try and locate her, but could not find her. Paul Wood investigated the fire for the State Fire Marshall's Office. His investigation disclosed: 1) a set of keys lying on the ground just beneath an open door of a shed near the house; 2) a hasp securing a door to a lean-to type structure attached to the garage had been pulled away from the wood to which it had been fastened; 3) wires leading into the house had been cut; 4) a portable TV stand was found outside the house; 5) a car in the garage with its battery cables cut, battery removed, glove compartment open, papers strewn about its interior, and its trunk open; 6) the charred body of Mrs. Roderique lying on the remains of a bed, and 7) a gasoline can in the bedroom where the body was found. A pathologist testified that Mrs. Roderique's body was so badly charred and burned that the cause of her death could not be determined by his autopsy findings. However, he went on to testify that the "[b]urning would have caused [her] death."

Laws contends that he was convicted by a death-qualified, conviction-prone jury and thereby denied a fair and impartial trial. At his trial, jurors who stated on voir dire they had an opinion or belief making it impossible for them to impose the death penalty under any circumstances were challenged by the state and striken by the trial court for cause. In his second point defendant contends that the trial court erred in submitting the case to the jury because the state failed to prove the corpus delicti independently of his extrajudicial admission that he killed Mrs. Roderique.

■ As support for his argument in his first point, Laws relies upon *Grigsby v. Mabry*, 758 F.2d 226 (8th Cir.1985), which holds that excluding for cause jurors who hold absolute scruples against imposing the death penalty under any circumstances violates the cross-sectional requirement of the Sixth Amendment. *Grigsby* has been rejected by the Missouri Supreme Court. The assignment of error is without merit.

*State v. Kenley*, 693 S.W.2d 79, 82–83 (Mo. banc 1985).

■ Laws' second point relied on is that the state did not prove the corpus delicti by evidence independent of his extrajudicial admission that he killed Mrs. Roderique. The general rule is that extrajudicial statements are inadmissible and are insufficient to sustain a conviction absent some independent proof of the essential elements of the corpus delicti. *State v. Charity*, 587 S.W.2d 350, 353[2] (Mo.App. 1979). In a homicide case, the corpus delicti consists of two elements: (1) the death of the person alleged to have been killed, and (2) the criminal agency of someone other than the deceased as the cause of death. *State v. Prier*, 645 S.W.2d 747, 749[2] (Mo.App.1983).

■ Laws admits that the state met its burden as to the first element of the corpus delicti requirement. Therefore, we need only address whether the state met its burden of showing the death was the result of the criminal agency of someone other than the deceased. *State v. Priest*, 660 S.W.2d 300, 304[2] (Mo.App.1983). The cause of death may be proven by circumstantial evidence. *State v. O'Neal*, 436 S.W.2d 241, 245[8] (Mo.1968).

■ The state's evidence showed the victim died in a fire and that the body was discovered in a burned-out bedroom. The body was charred. The pathologist indicated that the burning of the body would have caused death. Other testimony tended to show that the fire was intentionally set, as a gasoline can was discovered present in the bedroom near the bed where the body was found. A witness stated the gasoline can was normally stored in the small building attached to Mrs. Roderique's garage. The door to that building had been pried open and the hasp pried off the door frame. This evidence tends to show that someone other than the owner broke into the storage building, took the gasoline can and carried it into the bedroom for the purpose of using the gasoline to start the fire.

Witnesses also testified that Mrs. Roderique was in very good health, which contradicts speculation that she may have died from natural causes prior to the fire.

The state's evidence of these and other facts was sufficient to show that Mrs. Roderique's death was caused by the criminal agency of someone other than herself. Thus the state proved the corpus delicti, which, when added to the fact that Laws admitted he had killed Mrs. Roderique, justified submitting the case to the jury.

The judgment is affirmed.

FLANIGAN and GREENE, JJ., concur.