Leonard M. LAWS, Plaintiff-Appellant,

v.

W.H.S. O'BRIEN,
Defendant-Respondent.

No. 51448.

Missouri Court of Appeals,
Eastern District,
Division Ten.

Sept. 30, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 29, 1986.

Leonard M. Laws, pro se.

James E. Bowles, Brian P. Taylor, Hillsboro, for defendant-respondent.

STEPHAN, Presiding Judge.

Leonard Laws appeals from a summary judgment granted in favor of respondent W.H.S. O'Brien, an attorney and defendant in Laws' action for legal malpractice. The gist of Laws' claim against respondent is that, after Laws was convicted of capital murder and sentenced by the Circuit Court of Greene County on April 18, 1982, to life imprisonment without probation or parole for fifty years, respondent failed to prosecute Laws' appeal in a timely fashion and the appeal was dismissed. The appeal was later reinstated and the conviction affirmed. *State v. Laws*, 699 S.W.2d 102 (Mo.App.1985). Appellant, nevertheless, contends that the delay caused him to be incarcerated for two years "without appeal." At the time of sentencing in that case, however, Laws was serving another life sentence without probation or parole for fifty years previously imposed by the Circuit Court of St. Louis County for capital murder. *See State v. Laws*, 668 S.W.2d 234 (Mo.App.1984). The Greene County sentence was ordered by the trial court to be served consecutively to the St. Louis County sentence. *Laws*, 699 S.W.2d at 102. Consequently, during the two years that Laws claims to have been "without appeal," execution of the sentence had not commenced and cannot commence for decades.

Appellant's points relied on do not comply with Rule 84.04(d) in that they fail to state wherein and why the trial court's actions were erroneous. We will, however, review them for plain error. It appears from his brief that Laws cites trial court error in the October 29, 1985 summary judgment order because: 1) there were material issues of fact in Laws' petition precluding summary judgment; 2) the order did not mention Laws' motion for leave to file a second amended petition; 3) the re-

spondent was allowed to argue the summary judgment motion without appellant present and 4) appellant should have been permitted to amend his original petition, in order to add another plaintiff.

Taking appellant's points in order, we address the issue of the propriety of summary judgment in this case. Rule 74.04(c) provides that a summary judgment shall be granted if "there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." Our review of a summary judgment is equivalent to review of a court tried case and if, as a matter of law, the judgment is sustainable on any theory, it will be affirmed. *Rue v. Helmkampf,* 657 S.W.2d 76, 80 (Mo.App.1983).

 Where negligence by an attorney is alleged, plaintiff must do more than assert that negligence. *Lange v. Marshall,* 622 S.W.2d 237, 238 (Mo.App.1981). Plaintiff must plead damages proximately resulting from the attorney's negligence. *Bainter v. Almond,* 643 S.W.2d 649, 650 (Mo.App.1982). Other than the fact that he was jailed for two years on other convictions while his appeal was pending, Laws failed to allege any damages in his original petition. Furthermore, after reinstatement of the appeal, the case received full appellate review and the conviction was affirmed. Summary judgment for respondent lawyer was not an abuse of discretion. *Bainter v. Almond,* 643 S.W.2d at 650.

██ Laws further argues the trial court erroneously ignored Laws' motion for leave to file a second amended petition. This argument overlooks the principle that a trial court is under no obligation to take up a party's motion to amend before disposing of a motion for summary judgment where the proposed amended instrument offers no specific facts showing a genuine issue for trial. *Sun Electric Corporation v. Morgan,* 678 S.W.2d 410, 412 (Mo.App.1984).

The second amended petition asserts that, by reason of the delay in the appeal of his second conviction for murder, his right to attack the conviction by a Rule 27.26 motion was compromised. Appellant contends that during the delay a co-actor in the crime who testified against him died and that, had appellant been able to have an earlier Rule 27.26 hearing, the witness would have recanted his testimony. The point is meritless. Reference to the case shows that Laws' criminal agency was established by Laws' own extrajudicial admissions. *State v. Laws,* 699 S.W.2d 102, 104 (Mo.App.1985).

In his second amended petition, appellant also alleges that the delay in filing the appeal of his second murder conviction was the proximate cause of his being sentenced to death in yet another murder case. In the appeal of that case, *State v. Laws,* 661 S.W.2d 526 (Mo. banc 1983), *cert. denied,* 467 U.S. 1210, 104 S.Ct. 2401, 81 L.Ed.2d 357 (1984), appellant's conviction of two counts of capital murder was affirmed and the jury's assessment of the death penalty, upon its finding four statutory aggravating circumstances, was sustained. One of the aggravating circumstances found by the jury, as authorized by § 565.012.2(1), RSMo Cum.Supp.1982 (since repealed), was that, "The defendant has a substantial history of serious assaultive convictions." In holding that three of the four aggravating circumstances found by the jury "were soundly established by the evidence," the Supreme Court noted that the history of assaultive convictions included, "two convictions of armed robbery on pleas of guilty in Arizona in 1971, a conviction for aggravated assault in Mississippi in 1974, and two convictions for capital murder in Missouri in 1981 and 1982." *Id.,* 532.

The record before us is not clear as to whether one of the convictions for capital murder referred to in the foregoing quote is the case which gave rise to the instant malpractice claim. If it is one of the convictions found by the jury, we are not informed by the record of that conviction's status in the appellate process at the time of the verdict in the later case. Answers to these questions, however, are of no moment. As the Supreme Court said in *State v. Laws,* 661 S.W.2d, at 533: "Our cases hold that there is no prejudicial error in

submitting an aggravating circumstance to the jury even though the circumstance is not sufficiently defined to provide appropriate guidance, or is not supported by the evidence, if other properly supported circumstances are found." *See also State v. Gilmore*, 697 S.W.2d 172, 175–176 (Mo. banc 1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 2906, 90 L.Ed.2d 992 (1986), and *State v. Johns*, 679 S.W.2d 253, 267 (Mo. banc 1984), *cert. denied*, 470 U.S. 1034, 105 S.Ct. 1413, 84 L.Ed.2d 796 (1985). In view of the myriad of "properly supported circumstances" found in the case in which the death sentence was assessed, we conclude that the trial court did not abuse its discretion in effectively denying the motion to amend the petition and in granting summary judgment.

Appellant's next point is that the trial court erred when, on September 13, 1985, it heard argument from respondent's attorney on the motion for summary judgment, in spite of the fact that appellant, who has acted *pro se* throughout this case, was not present.

■ The record on appeal filed by Laws contains a petition for a writ of habeas corpus ad testificandum requesting such writ be issued to the warden of the penitentiary at Jefferson City directing the warden to produce Laws "to be a witness in this cause on the 13th day of September, 1985." We note that the document bears no filing stamp by the circuit clerk indicating when it was filed or even that it was filed. There is no certificate of service on respondent, and there is no mention of the filing in the meticulously maintained docket sheets of the trial court. As respondent points out, the accompanying affidavit contemplated by § 491.250, RSMo 1978, is merely a blank form, unsigned by appellant and devoid of any seal or statement by any person authorized to administer oaths. The petition itself however, bears the purported signatures of Laws and a notary public, and we regard this as sufficient compliance with the affidavit requirement.

■ Assuming the petition for the writ was properly filed, it was not error for the trial court to fail to consider it or to deny it. The purpose of a writ of habeas corpus ad testificandum is to bring before a court or public body authorized to examine witnesses a person who is "detained in jail or prison" for the purpose of giving testimony. § 491.230, RSMo 1978. The purpose of the writ is not to afford prisoners, such as appellant, opportunities to travel about the State making legal arguments on motions pending in civil cases. Furthermore, the granting of such a writ lies within the discretion of the trial court which should "require strict proof of the materiality of the testimony and the necessity of the attendance of the prisoner as a witness." *Joiner v. State*, 621 S.W.2d 336, 339 (Mo. App.1981).

By contrast, a motion for summary judgment is decided on the basis of "pleadings, depositions, and admissions on file, together with the affidavits, if any." Rule 74.-04(c). In the instant case, the trial court had before it the pleadings discussed above, as well as unanswered and unobjected to interrogatories filed by respondent which ripened into admissions when appellant failed to respond to them. The admissions established the existence of Laws' other convictions referred to above and the fact of his continuous incarceration for such other matters from January 23, 1981 to the date of the entry of summary judgment. Laws filed no affidavits controverting such facts. Laws was not required or needed as a witness at the motion hearing. Therefore, a writ of habeas corpus was inappropriate and its effective denial not an abuse of discretion.

■ In his final point, Laws claims error in the trial court's refusal to permit Laws to add a second plaintiff, Doyle J. Williams, in the court below. Laws claimed that he had "assigned" fifty percent of his interest in the outcome of his malpractice claim against respondent to Williams. We note first the long established principle that, "An unliquidated claim for damages arising out of a tort is not assignable either in law or in equity." *Subscribers at Casualty Reciprocal Exchange v. Kansas City*

619

*Public Service Co.*, 230 Mo.App. 468, 91 S.W.2d 227, 231 (1936). Another reason for holding this point to be without merit is provided by the case of *Laws v. Hager*, 693 S.W.2d 902 (Mo.App.1985) in which the appellant in this case sued another attorney for legal malpractice and attempted to "assign" fifty percent of his interest in the outcome to co-plaintiff Doyle Williams. The trial court struck Williams as co-plaintiff, and Laws appealed. In dismissing the appeal because the judgment was not final, this Court also observed, "Plaintiff Williams has not appealed. Plaintiff Laws has attempted to appeal for Williams. As Laws is not an aggrieved party he has no right to appeal the dismissal of Williams' petition." *Id.*, 903. So it is here.

The judgment of the trial court is affirmed.

SIMON and KELLY, JJ., concur.