**Merle E. ZWEIFEL, and Marilyn Zweifel, Appellants,**

v.

**ZENGE AND SMITH, Attorneys, et al., Respondents.**

**No. WD 40627.**

Missouri Court of Appeals,
Western District.

Aug. 1, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 3, 1989.

Application to Transfer Denied
Nov. 14, 1989.

Charles A. Powell, Jr., Macon, for appellants.

Marion F. Wasinger, Hannibal, for respondents.

Before KENNEDY, C.J., and NUGENT and LOWENSTEIN, JJ.

KENNEDY, Chief Judge.

Plaintiffs Merle Zweifel and his wife, Marilyn Zweifel, appeal from an adverse judgment in their suit against attorneys Dennis Smith and the estate of J. Andy Zenge, Jr., deceased, seeking damages for legal malpractice. The trial court directed a verdict for defendants at the close of plaintiffs' evidence.

The background facts are as follows: Plaintiff Merle Zweifel was charged with second degree murder in the 1976 death of school superintendent Carson Erwin, which occurred in the following circumstances: Zweifel's son had absented himself from school and Erwin had challenged the credibility of the written excuse the son had presented. This brought Zweifel to the schoolhouse to take up the dispute in his son's behalf. A verbal and a physical altercation developed between Zweifel and the school superintendent, during or immediately after which the superintendent died of a heart attack.

Zweifel employed Zenge and Smith to defend him against the homicide charge. Zweifel was convicted of manslaughter upon a jury trial and he was sentenced to five years' imprisonment. His motion for new trial was overruled, and the conviction was affirmed on appeal. *State v. Zweifel,* 570 S.W.2d 792 (Mo.App.1978). Zweifel was imprisoned August 25, 1978.

With new counsel Zweifel filed a Rule 27.26 motion which was overruled. Then Zweifel by his new counsel filed in the Court of Appeals for the Eastern District a motion to recall the mandate in *State v. Zweifel,* 570 S.W.2d 792. This motion was sustained, *State v. Zweifel,* 615 S.W.2d 470 (Mo.App.1981). The court of appeals determined that Zweifel's counsel had been ineffective in failing to raise on appeal the omission of the trial court to given an excusable homicide instruction. Zweifel's conviction was reversed and the case remanded for a new trial. He was released from prison on June 10, 1979. The homicide charge against him was never retried and was ultimately dismissed.

At the close of plaintiffs' evidence in the malpractice case, which included no expert testimony establishing the negligence of defendant lawyers, the trial court directed a verdict for defendants. The submissibility of plaintiffs' case against the defendants is the first issue before us on this appeal. Defendants maintain that their negligence could be shown only by expert testimony, while plaintiffs argue that defendants' negligence was a matter of law without the need for expert testimony.

A lawyer's negligence is a question of fact, not a question of law. *Cleckner v. Dale,* 719 S.W.2d 535, 540 (Tenn.App. 1986).[1]

The rule prevails in Missouri that expert testimony is required to show legal malpractice, except in "clear and palpable cases". *Cooper v. Simon,* 719 S.W.2d 463 (Mo.App.1986); *Gabbert v. Evans,* 166 S.W. 635, 638 (Mo.App.1914). The question arises, "Clear and palpable to whom?" Clear and palpable to the trial judge, who is

---

1. This does not mean that the question of a lawyer's negligence can never be a matter of law. Like any other question of fact, it may become a matter of law if reasonable men (not reasonable *lawyers*) would have no grounds in the evidence to disagree. The cases which have found lawyers' negligence as a matter of law generally present the same kind of "clear and palpable" negligence as that which permits proof without expert testimony. *See Baker v. Beal,* 225 N.W.2d 106 (Iowa 1975); *Central Cab Co. v. Clarke,* 259 Md. 542, 270 A.2d 662 (1970); *Hickox by and through Hickox v. Holleman,* 502 So.2d 626 (Miss.1987); *Katsaris v. Scelsi,* 115 Misc.2d 115, 453 N.Y.S.2d 994 (Sup.1982); *Helmbrecht v. St. Paul Insurance Co.,* 122 Wis.2d 94, 362 N.W.2d 118 (1985).

himself an expert? This is the position taken by the plaintiffs, who say that the negligence of Zenge and Smith should have been apparent to the trial judge, who should have declared their conduct negligent as a matter of law. The cases which have dealt with the subject, however, do not support plaintiffs' position. They hold that the alleged negligence, or the question of negligence, in order to escape the requirement of expert testimony, must be clear and palpable to a jury of laymen. *Cleckner v. Dale,* 719 S.W.2d 535, 540 (Tenn.App.1986); *Wright v. Williams,* 121 Cal.Rptr. 194, 200 (1975); *Hughes v. Malone,* 146 Ga.App. 341, 247 S.E.2d 107, 111 (1978); *Joos v. Auto–Owners Insurance Co.,* 94 Mich.App. 419, 288 N.W.2d 443, 445 (1979); *Hill v. Okay Construction Co., Inc.,* 312 Minn. 324, 252 N.W.2d 107, 116 (1977); *Hansen v. Wightman,* 14 Wash. App. 78, 538 P.2d 1238, 1249 (1975); *Olfe v. Gordon,* 93 Wis.2d 173, 286 N.W.2d 573, 577 (1980); *see also* Annot., *Admissibility and Necessity of Expert Evidence as to Standards of Practice and Negligence in Malpractice Action Against Attorney,* 14 A.L.R.4th 170 § 4 (1982); Mallen & Smith, *Legal Malpractice* § 27.15 (3d ed. 1989); Ambrosio & McLaughlin, *The Use of Expert Witnesses in Establishing Liability in Legal Malpractice Cases,* 61 Temp.L. Rev. 1351, 1373 (1988). For this purpose the trial judge sets aside his own expertise and becomes a layman, as much as if the question were one of, for example, medical malpractice. When the inquiry is about medical malpractice (again, except in "clear and palpable cases", *e.g. Hurlock v. Park Lane Medical Center, Inc.,* 709 S.W.2d 872, 883 (Mo.App.1985); *Cebula v. Benoit,* 652 S.W.2d 304, 307 (Mo.App.1983); *Baird v. National Health Foundation,* 235 Mo. App. 594, 144 S.W.2d 850 (1940); 7 Wigmore, Evidence § 2090 n. 1 (Chadbourn rev. 1978)), the judge is as dependent upon expert testimony as is the jury. The same rule applies in cases of legal malpractice. Thus the lawyer charged with legal malpractice is in no better position nor in any worse position than the physician charged with medical malpractice. In the one case as in the other, the case for the professional's negligence is made out by expert testimony. If the lawyer charged with malpractice could call upon the trial judge's expertise to declare whether the lawyer's act or omission was negligent, the physician or other professional should also be able to refer the issue of his alleged negligence to a professional peer interposed between himself and the jury. All professionals, for better or for worse, are under the same rule.

■ The alleged negligence of Zenge and Smith in omitting to raise in Zweifel's motion for a new trial and in the appeal of his conviction the trial court's failure to give the excusable homicide instruction is not one of those straightforward issues which could be understood by the jury without the explanation and the opinion testimony of expert witnesses. Usually cited as an instance of the latter kind of negligence is the lawyer's allowing the statute of limitations to expire on a claim which had been entrusted to him for prosecution, or allowing some other time limit to pass. *Gray v. Hallett,* 170 Ill.App.3d 660, 121 Ill.Dec. 283, 525 N.E.2d 89 (1988); *Sorenson v. Fio Rito,* 90 Ill.App.3d 368, 45 Ill.Dec. 714, 720, 413 N.E.2d 47, 53 (1980); *House v. Maddox,* 46 Ill.App.3d 68, 4 Ill. Dec. 644, 648, 360 N.E.2d 580, 584 (1977); *Watkins v. Sheppard,* 278 So.2d 890 (La. App.1973); *George v. Caton,* 93 N.M. 370, 600 P.2d 822, 829 (App.1979). Zenge's and Smith's alleged dereliction is not of that uncomplicated character. Theirs involves the substantive law of homicide and excusable homicide; the system of jury instructions; the purpose of the motion for a new trial; and procedures for securing relief on appeal. These are somewhat arcane subjects to the ordinary juror. It also involves the issue of plaintiffs' damage (a necessary part of a prima facie case of legal malpractice, *see State ex rel. O'Blennis v. Adolf,* 691 S.W.2d 498, 501 (Mo.App.1985); *Lange v. Marshall,* 622 S.W.2d 237, 238 (Mo.App. 1981); *Roehl v. Ralph,* 84 S.W.2d 405, 409 (Mo.App.1935)), a difficult problem in cases where a lawyer has negligently failed to take an appeal on his client's behalf, or has negligently failed to present viable issues

on appeal, see *Better Homes, Inc. v. Rodgers*, 195 F.Supp. 93 (N.D.W.Va.1961); *Mylar v. Wilkinson*, 435 So.2d 1237 (Ala. 1983); *Katsaris v. Scelsi*, 115 Misc.2d 115, 453 N.Y.S.2d 994, 996 (Sup.1982); *General Accident Fire & Life Assurance Corp. v. Cosgrove*, 257 Wis. 25, 42 N.W.2d 155 (1950); see also Comment, *Attorney Malpractice: Problems Associated with Failure-to-Appeal Cases*, 31 Buffalo L.Rev. 583 (1982); Mallen & Smith, *Legal Malpractice* § 24.39 (3d ed. 1989).

■ Plaintiffs say, though, that the decision of the Missouri Court of Appeals, Eastern District, upon the motion to recall mandate in *State v. Zweifel*, 615 S.W.2d 470 (Mo.App.1981), conclusively establishes Zenge's and Smith's negligence as a matter of law. This could not possibly be the case. Zenge and Smith were not parties to that litigation and had no opportunity to be heard therein. The decision of the court in that proceeding is not conclusive of their negligence in a malpractice action against them. (On the other hand, a decision in a postconviction proceeding that a convicted defendant's counsel had not been ineffective may collaterally estop such convicted person from asserting his counsel's ineffectiveness in a subsequent malpractice action against his counsel. *Johnson v. Raban*, 702 S.W.2d 134, 138 (Mo.App.1985)).

We hold, therefore, that plaintiffs failed in the absence of expert testimony to make a submissible case of legal malpractice against Zenge and Smith, and the court ruled correctly in directing a verdict for defendants, unless, as we take up next, the court erroneously excluded evidence which would have made a submissible case for plaintiffs.

■ We turn then to plaintiffs' allegation of trial court error in sustaining defendants' motion in limine to "disqualify" Judge James Foley as an expert witness for plaintiffs because of Judge Foley's judicial office; and in refusing to allow the testimony of plaintiffs' expert witnesses lawyers Thomas Marshall and Tom Osborne, on the ground that they had been tardily disclosed to defendants in response to defendants' continuing interrogatory.

Defendants claimed inadequate opportunity to take Marshall's and Osborne's depositions and to prepare to meet their testimony. Plaintiffs' counsel then requested—the trial was in progress—that the court continue the case to allow defendants to effect their discovery, and plaintiffs complain of the overruling of their request for a continuance.

Plaintiffs made no offer of proof of the anticipated testimony of any of the three witnesses. The record contains some indication that plaintiffs did not know what such testimony would be, nor, for that matter, did the witnesses themselves know what their testimony would be. There is indication that none of the witnesses had made any preparation for his testimony, and was somewhat at loose ends about precisely what testimony was expected of him. Without an offer of proof we are unable to determine whether the disallowance of the testimony of the three expert witnesses was prejudicial to plaintiffs or not, so any error of the trial court in excluding the testimony is not reviewable. *Siebern v. Missouri–Illinois Tractor & Equipment Co.*, 711 S.W.2d 935, 938 (Mo. App.1986); *Salsberry v. Archibald Plumbing & Heating Co., Inc.*, 587 S.W.2d 907, 915 (Mo.App.1979); 1 Wigmore, Evidence § 20a (Tillers rev. 1983). The rule requiring an offer of proof as a condition to appellate review of evidence exclusion is not without its exceptions, see *Frank v. Environmental Sanitation Management, Inc.*, 687 S.W.2d 876, 883–84 (Mo. banc 1985); *State ex rel. State Highway Commission v. Northeast Building Co.*, 421 S.W.2d 297, 300–01 (Mo.1967); Mo.Evidence Restated, Sec. 103 (MoBar 1984); Fed.R.Evid. 103. But plaintiffs do not attempt to point out to us, nor have we noticed, any feature of this case which would bring this case within any of the exceptions. The rule requiring an offer of proof as a condition to appellate review of the exclusion of evidence is applied both where a witness is disqualified, as in *Benjamin v. Benjamin*, 370 S.W.2d 639, 643 (Mo.App.1963); *Spencer v. Smith*, 128 S.W.2d 315, 318 (Mo.App.1939); *Dempsey*

*v. McGinnis,* 249 S.W. 662, 665 (Mo.App. 1923); *Fowler v. Sone,* 226 S.W. 995, 997 (Mo.App.1920); and where particular testimony has been excluded, as in *Dunkin v. Reagon,* 710 S.W.2d 498 (Mo.App.1986); *see also Siebern,* 711 S.W.2d 935; *Salsberry,* 587 S.W.2d 907.

We hold therefore that plaintiffs are not entitled to reversal for the alleged error of the trial court in rejecting the testimony of expert witnesses Judge Foley and lawyers Marshall and Osborne.

Other points in plaintiffs' brief may be quickly disposed of.

One of such points involves a third party petition by the defendants against the plaintiffs' attorney, Charles A. Powell, Jr. The theory of the third party petition is that Mr. Powell's election to file in Mr. Zweifel's behalf a Rule 27.26 proceeding in the trial court, deferring the motion to recall mandate until after the Rule 27.26 proceeding was disposed of, contributed to Zweifel's damages by delaying his release from prison by some five months. Plaintiffs' brief complains of the court's failure to dismiss said petition and of the court's overruling third party defendant's (Powell's) motion for summary judgment. This point is moot, in view of our disposition of the plaintiffs' claim. Furthermore, plaintiffs are not aggrieved by these actions of the trial court with respect to the third party petition and they have no standing to appeal therefrom. *Laws v. Hager,* 693 S.W.2d 902 (Mo.App.1985); *Grommet v. St. Louis County,* 680 S.W.2d 246 (Mo.App. 1984). Mr. Powell himself, the third party defendant, did not appeal.

Plaintiffs complain of the court's dismissal of a count in their petition against defendant attorney Dennis W. Smith individually, a count which alleged outrageous conduct on his part in his "participation and involvement in the determinations respecting the reprosecution of his former client". This point is unsupported by the citation of any authority and is deemed abandoned. Supreme Court Rule 84.04(d); *Thummel v. King,* 570 S.W.2d 679, 687 (Mo. banc 1978); *Ortmeyer v. Bruemmer,* 680 S.W.2d 384,

396 (Mo.App.1984); *Wright v. Martin,* 674 S.W.2d 238, 242 (Mo.App.1984).

Plaintiffs' final complaint is of the trial court's alleged error in excluding the testimony of three members of the jury which had convicted Zweifel of manslaughter, to the effect that the jury would have acquitted Zweifel if they had been instructed on excusable homicide. This point is supported by no citation of authority and is deemed abandoned. *See Thummel,* 570 S.W.2d at 687; *Ortmeyer,* 680 S.W.2d at 396; *Wright,* 674 S.W.2d at 242. Aside from that, though, the point becomes moot in view of our holding that plaintiffs failed to make a submissible case of legal malpractice against the defendants.

The judgment is affirmed.

All concur.