Angela T. Quigless, J.
Daryl Duncan ("Duncan") appeals from the trial court's grant of summary judgment in favor of Michael C. Dempsey and Baylard, Billington, Dempsey & Jensen, P.C. (collectively, "Dempsey") on Duncan's claim of professional negligence for legal malpractice against Dempsey. Duncan asserts one point on appeal, arguing the trial court erred in granting summary judgment because Dempsey's motion was supported by inadmissible hearsay, discovery was still outstanding, and genuine issues of material fact remained such that summary judgment was not proper. We affirm.
Factual and Procedural Background
We review the record in the light most favorable to the party against whom summary judgment was entered, which is Duncan. United States Bank, NA v. Watson , 388 S.W.3d 233, 234 (Mo. App. E.D. 2012).
Duncan hired Dempsey to represent him in a business transaction to redeem his financial interest in a company known as Reflective Recycling of South Carolina, LLC ("RRSC"). Following Dempsey's advice, Duncan entered into an agreement to sell his share of the company to his former business partner ("Partner") in exchange for a promissory note. Duncan asked Dempsey to negotiate the transaction so *818 that the promissory note would be secured by collateral from either RRSC's commercial assets or the Partner's personal assets. However, when Dempsey was unable to secure collateral, Duncan accepted an unsecured promissory note.
The agreement also required Partner to pay off an outstanding loan at Bank of Franklin County ("BFC"), which Partner did by securing a new loan from Carolina Alliance Bank ("CAB"). CAB would only provide the loan to Partner if Duncan agreed that his promissory note would be subordinate to the CAB loan, which Duncan agreed to do. In the subordination agreement, Duncan agreed that Partner would be excused from making payments to Duncan on the promissory note if RRSC did not meet a specified profit ratio. Subsequently, RRSC never met the specified profit ratio, and Partner never made any payments to Duncan under the promissory note. To date, Duncan has been unable to collect any amount of the promissory note, and the note is essentially "unenforceable."
Duncan filed a petition against Dempsey asserting a claim of professional negligence for legal malpractice based on Dempsey's failure to procure collateral for the promissory note as Duncan requested. Duncan amended the petition to assert an additional claim for breach of contract, but subsequently filed a motion to voluntarily dismiss this claim without prejudice.[1]
During the pendency of this litigation, Duncan was represented by a succession of five different attorneys. The first four attorneys to represent Duncan each eventually moved for, and were granted, leave to withdraw from the case. After each of the first three withdrawals, the court granted Duncan a continuance on pending matters so that Duncan would have time to obtain new counsel. During this time, Duncan also sought, and was granted, several extensions of time to respond to Dempsey's discovery requests.
After nearly a year and a half of discovery, Dempsey moved for summary judgment arguing Duncan had not produced, and would be unable to produce, evidence supporting two essential elements of his claim for professional negligence: negligence and causation. Specifically, Dempsey argued there was no evidence Duncan would have been able to secure more favorable terms in the promissory note but for Dempsey's negligence, and Duncan failed to produce evidence from an expert witness to establish that Dempsey was negligent or that Duncan's damages were proximately caused by Dempsey's negligence.
When Dempsey filed the motion for summary judgment, Duncan's fourth attorney had just withdrawn and Duncan had not yet retained his fifth attorney, so Duncan was representing himself pro se. Before responding to the motion for summary judgment, Duncan filed a pro se motion to compel discovery, seeking to compel Dempsey to turn over portions of various documents Dempsey had redacted on grounds of attorney-client privilege. Duncan then filed a pro se response to Dempsey's statement of uncontroverted facts. In his response, Duncan denied several of Dempsey's facts arguing they were impermissibly supported by inadmissible hearsay evidence and citing documents *819 that were neither part of the record nor attached to his response. Duncan also responded to several of Dempsey's factual assertions by stating that "[a]t the very least, Duncan should be granted time to conduct additional discovery" concerning the facts asserted in the motion. Duncan did not attach copies of any discovery, exhibits, or affidavits to his response. Nor did Duncan file his own statement of facts or a legal memorandum of law opposing summary judgment.
In Dempsey's statement of uncontroverted facts, he asserted Duncan "has failed to submit an expert witness to testify as to his allegations." Duncan did not deny this fact. Rather, Duncan responded by stating: "Duncan is still in the process of securing an expert in this matter. As the court has not yet closed discovery in this case or set an expert disclosure deadline, Duncan will disclose his expert at the appropriate time."
The trial court granted Dempsey's motion for summary judgment, finding Duncan failed to produce evidence concerning the causation element of his claim, and that Duncan failed to elicit the expert testimony required to support his claim for legal malpractice. Duncan filed a motion to reconsider, to which he attached some of the documents referenced in but not attached to his response to the motion for summary judgment. The court denied the motion to reconsider. This appeal follows.
Point on Appeal
Duncan asserts one point on appeal, arguing the court erred in granting summary judgment in favor of Dempsey because the motion was impermissibly supported by hearsay, discovery was pending on evidence crucial to support the motion, and material facts were in dispute.
Discussion
We review de novo the entry of summary judgment. Watson , 388 S.W.3d at 234. We review the record in the light most favorable to the party against whom judgment was entered. Id. We will affirm where the pleadings, depositions, affidavits, answers to interrogatories, exhibits, and admissions establish that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Id.
Where the movant is the defending party-as in this case-the movant may establish a prima facie right to summary judgment by: (1) showing facts negating any one of the elements of the non-movant's claim; (2) demonstrating that the non-movant, after adequate time for discovery, has not been able and will not be able to produce evidence sufficient to allow the trier of fact to find the existence of any one of elements of the non-movant's claim; or (3) establishing that there is no genuine dispute as to the existence of each of the facts necessary to support the movant's properly plead affirmative defense. Diehl v. Fred Weber, Inc. , 309 S.W.3d 309, 317 (Mo. App. E.D. 2010). Once the movant has made a prima facie showing that there are no genuine issues of material fact and movant is entitled to judgment as a matter of law, the burden shifts to the non-moving party to "create a genuine dispute by supplementing the record with competent materials that establish a plausible, but contradictory, version of at least one of the movant's essential facts." ITT Comm. Fin. Corp. v. Mid-Am. Marine Supply Corp. , 854 S.W.2d 371, 382 (Mo. banc 1993). In responding to a motion for summary judgment, the non-movant "may not rest upon the mere allegations or denials of the party's pleading."
*820 Mo. Sup. Ct. Rule 74.04(c)(2) ;[2] Wood & Huston Bank v. Malan , 815 S.W.2d 454, 457 (Mo. App. W.D. 1991). "Rather, the response shall support each denial with specific references to the discovery, exhibits or affidavits that demonstrate specific facts showing that there is a genuine issue for trial." Id. ; Margiotta v. Christian Hosp. Ne. Nw. , 315 S.W.3d 342, 344 (Mo. banc 2010).
A claim of professional negligence for legal malpractice requires proof of four elements: (1) the existence of an attorney-client relationship; (2) negligence by the attorney; (3) proximate causation of plaintiff's damages; and (4) damages. SKMDV Holdings, Inc. v. Green Jacobson, P.C. , 494 S.W.3d 537, 545 (Mo. App. E.D. 2016). Failure to prove any of these four elements defeats a claim for legal malpractice. Id.
In all claims for professional negligence, in order to establish the negligence element, an expert witness who is a member of the same profession as the defendant is generally required to prove that the defendant's conduct fell below the standard of care of the profession under the circumstances. Waters v. Meritas Health Corp. , 478 S.W.3d 448, 459 (Mo. App. W.D. 2015) ; Brennan v. St. Louis Zoological Park , 882 S.W.2d 271, 273 (Mo. App. E.D. 1994). The only time an expert witness is not required to establish professional negligence is where conduct constituting negligence is within "the common experience and knowledge of laypersons." Stalcup v. Orthotic & Prosthetic Lab, Inc. , 989 S.W.2d 654, 657 (Mo. App. E.D. 1999). Additionally, in a professional negligence claim for legal malpractice, an expert witness is required to establish that the plaintiff's damages were the proximate cause of the attorney's negligence "except in a clear and palpable case." SKMDV Holdings , 494 S.W.3d at 557 (citations and quotations omitted); Baldridge v. Lacks , 883 S.W.2d 947, 954 (Mo. App. E.D. 1994) ; Roberts v. Sokol , 330 S.W.3d 576, 581 (Mo. App. S.D. 2011) ; Zweifel v. Zenge & Smith , 778 S.W.2d 372, 374 (Mo. App. W.D. 1989).
Dempsey's motion for summary judgment, which was filed after a year and a half of discovery, challenged the second and third elements of legal malpractice: negligence and proximate causation. The motion argued, inter alia , that Duncan had not produced evidence from an expert witness establishing either that Dempsey was negligent or that Duncan's damages were proximately caused by Dempsey's negligence. Because both negligence and causation are essential elements of Duncan's claim for legal malpractice, Dempsey established a prima facie right to summary judgment by "demonstrating that the non-movant, after adequate time for discovery, has not been able and will not be able to produce evidence sufficient to allow the trier of fact to find the existence of any one of elements of the non-movant's claim." See Diehl , 309 S.W.3d at 317. Accordingly, the burden shifted to Duncan to establish the existence of a genuine issue of material fact by either identifying evidence already in the record supporting negligence and causation, or by supplementing the record with competent materials supporting these elements. See ITT Comm. Fin. Corp. , 854 S.W.2d at 382.
In this case, Duncan was required to produce evidence from an expert witness to establish both negligence and causation. Duncan's allegations of negligence were not within "the common experience *821 and knowledge of laypersons," Stalcup , 989 S.W.2d at 657, because a layperson would not be expected to understand the nuances of privately financed business transitions, subordination of debts, and the role of collateral in protecting a lender's interest. Moreover, an attorney's failure to procure collateral to support a client's promissory note is not a "clear and palpable case" of legal malpractice. SKMDV Holdings , 494 S.W.3d at 557. Therefore, the only evidence that would have satisfied Duncan's burden of demonstrating a genuine issue of material fact was evidence from an expert witness demonstrating that Dempsey's conduct constituted negligence, and that this negligence was the proximate cause of Duncan's damages.
Duncan admitted in his response to the motion for summary judgment that he did not produce any evidence from an expert witness in response to Dempsey's motion for summary judgment. Because an expert witness was required to establish both negligence and causation, Duncan's failure to produce an affidavit or other evidence from an expert witness to support these elements of his claim was grounds for granting summary judgment. See Coin Acceptors, Inc. v. Haverstock, Garrett & Roberts, LLP , 405 S.W.3d 19, 28 (Mo. App. E.D. 2013) (affirming summary judgment in favor of defendant on a legal malpractice claim where plaintiff's expert witness did not produce evidence supporting the element of causation); see also Zweifel , 778 S.W.2d at 375 (affirming a directed verdict for defendant because plaintiff failed to present a submissible case for legal malpractice in the absence of expert testimony on the issue of causation).
Instead of producing the required evidence, Duncan stated he was "still in the process of securing an expert in this matter. As the court has not yet closed discovery in this case or set an expert disclosure deadline, Duncan will disclose his expert at the appropriate time." This was insufficient to satisfy Duncan's burden to demonstrate a genuine issue of material fact to survive Dempsey's motion for summary judgment. The appropriate time for Duncan to produce his expert witness was in response to Dempsey's motion for summary judgment alleging he could not produce an expert witness. See State ex rel. Conway v. Villa , 847 S.W.2d 881, 885-86 (Mo. App. E.D. 1993).
'When a motion for summary judgment is filed, the party against whom it is directed may not stand idly by doing nothing.' Even if requests for discovery are pending, Rule 74.04(f) contemplates that the opponent to the motion for summary judgment must call the court's attention to the uncompleted discovery and show by affidavit why it is material and important for the discovery to be completed.
Id. (emphasis added) (quoting Tobler's Flowers, Inc. v. Sw. Bell Tel. Co. , 632 S.W.2d 15, 19 (Mo. App. W.D. 1982) ).
If Duncan was unable to produce the required evidence from an expert witness in time to respond to Dempsey's motion for summary judgment, Duncan had the option of requesting a continuance pursuant to Rule 74.04(f), which provides:
Should it appear from the affidavits of a party opposing the motion that for reasons stated in the affidavits facts essential to justify opposition to the motion cannot be presented in the affidavits, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
A party seeking a continuance under Rule 74.04(f)"must file an affidavit supporting *822 its motion and 'must specify what additional evidence supporting the existence of a factual dispute the movant would have presented to the court if the court had continued the hearing.' " Adams v. City of Manchester , 242 S.W.3d 418, 427 (Mo. App. E.D. 2007) (quoting Binkley v. Palmer , 10 S.W.3d 166, 173 (Mo. App. E.D. 1999) ). The affidavit must both: "(1) set out the evidence that the sought-after discovery would adduce; and (2) show that evidence would create a genuine issue of material fact." Nigro v. St. Joseph Med. Ctr. , 371 S.W.3d 808, 816 (Mo. App. W.D. 2012). It is insufficient to merely "allege further discovery might provide the necessary evidence; rather, [the affidavit] must describe the evidence. " Adams , 242 S.W.3d at 427 (emphasis added).
Here, Duncan did not request a continuance or file an affidavit pursuant to Rule 74.04(f) demonstrating how additional discovery would produce specific evidence that would create a genuine issue of material fact. Although Duncan argued in his response to Dempsey's statement of uncontroverted facts that "[a]t the very least, Duncan should be granted time to conduct additional discovery" concerning facts asserted in Dempsey's motion for summary judgment, this was insufficient to warrant relief under Rule 74.04(f). See Brooks v. City of Sugar Creek , 340 S.W.3d 201, 209-10 (Mo. App. W.D. 2011) (affirming summary judgment where defending party did not request a continuance and the affidavit "merely stated [the party]'s desire to depose" an additional witness, but "failed to set forth any facts-disputed or otherwise-that it might glean from her deposition"); see also White v. City of Ladue , 422 S.W.3d 439, 448 (Mo. App. E.D. 2013) (under Rule 74.04(f), it is insufficient to speculatively claim that a "deposition is necessary" without specifically showing that additional discovery would likely establish a genuine issue of material fact).
We acknowledge that Duncan was representing himself pro se at the time he responded to the motion for summary judgment, and we are mindful of the challenges that pro se litigants face representing themselves without the assistance of counsel. However, "a pro se litigant is bound by the same rules of procedure as those admitted to practice law and is entitled to no indulgence he would not have received if represented by counsel." Picerno v. Nichols-Fox , 205 S.W.3d 883, 887 (Mo. App. W.D. 2006) ; see also Erickson v. Erickson , 419 S.W.3d 836, 848 (Mo. App. S.D. 2013). " 'Judicial impartiality, judicial economy, and fairness to all parties preclude courts from granting pro se litigants preferential treatment.' " Erickson , 419 S.W.3d at 848 (quoting Pruett v. Pruett , 280 S.W.3d 749, 751 (Mo. App. S.D. 2009) ); Fuller v. Moore , 356 S.W.3d 287, 289 n.2 (Mo. App. E.D. 2011).
We find the trial court did not err in granting Dempsey's motion for summary judgment because Duncan failed to produce an expert witness, as required to establish the negligence and causation elements of his claim of professional negligence for legal malpractice. Additionally, because Duncan failed to request a continuance pursuant to Rule 74.04(f) or file the required affidavit, it was not error for the court to adjudicate the motion for summary judgment based on the record before it. Point denied.
Conclusion
The trial court's grant of summary judgment in favor of Dempsey is affirmed.
Gary M. Gaertner, Jr., P.J., and Robert M. Clayton III, J., concur.

Duncan's First Amended Petition is entitled "First Amended Petition-For Damages (Professional Negligence, Breach of Contract, and Breach of Fiduciary Duty)." However, the petition does not actually assert a claim for breach of fiduciary duty or contain allegations necessary to support such a claim. Although Duncan filed motion for leave to file a second amended petition asserting a claim for breach of fiduciary duty, the court entered summary judgment in favor of Dempsey before ruling on Duncan's motion.

All rule references are to Missouri Supreme Court Rules (2017), unless otherwise indicated.