

# In the Missouri Court of Appeals
# Eastern District

### DIVISION FOUR

| | | |
|---|---|---|
| STACY A. ALBRIGHT, | ) | No. ED112829 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of Franklin County |
| v. | ) | Cause No. 21AB-CC00168 |
| | ) | |
| UNION ELECTRIC COMPANY, | ) | Honorable Ryan J. Helfrich |
| | ) | |
| Respondent. | ) | Filed: November 26, 2024 |

Stacy Albright filed a petition against Respondent Union Electric Company ("UE") alleging negligence and breach of contract claims for a fire that damaged Albright's residential property. The circuit court granted UE's motion for summary judgment, finding Albright could not provide substantial evidence that electricity was the cause of the fire. The circuit court's judgment is reversed, and the case is remanded for proceedings consistent with this Court's opinion.

## Background

Following a fire in his home, Albright sued several parties, including UE, alleging their negligence caused the blaze. In his petition, Albright alleged that the fire started when three LED lights in a closet overheated. Albright further alleged that UE was responsible for the fire because it failed to turn off the electrical power to the house when requested to do so.

After discovery, UE filed a motion for summary judgment arguing it was entitled to judgment as a matter of law because Albright failed to provide any substantial evidence that electricity caused the fire. In support of its motion, UE filed a statement of uncontroverted material facts. UE's statement of facts consisted of eight individually numbered paragraphs. The first seven paragraphs each begin with the following statement: "Plaintiff alleges in paragraph … of the Amended Petition." Each of these seven paragraphs then recites verbatim an allegation from the Amended Petition. These paragraphs were not supported by any affidavit or document. The eighth paragraph states that "Plaintiff contends" that three individuals stated that a circuit breaker connected to the closet where the fire is alleged to have started tripped several times per week. This paragraph was supported by a copy of Albright's interrogatory responses. In the motion for summary judgment, UE argued that the uncontroverted material facts demonstrated that it was entitled to judgment as a matter of law because Albright "has not come forward with any substantial evidence that electricity caused the fire."

In response, Albright's attorney admitted that his Amended Petition did, in fact, make the allegations stated in the first seven paragraphs of UE's statement of facts. Albright also admitted there were several individuals who stated that the circuit breaker tripped several times a week. Albright also added several additional facts, each noting that he had an expert witness available for deposition, but that the deposition had not yet occurred.

The circuit court entered summary judgment in UE's favor, determining Albright could not provide substantial evidence that electricity was the cause of the fire. Albright appeals, claiming the circuit erred because UE's statement of uncontroverted material facts does not establish that UE is entitled to judgment as a matter of law.

**Standard of Review**

This Court reviews the grant of summary judgment *de novo. Brockington v. New Horizons Enters., LLC*, 654 S.W.3d 876, 880 (Mo. banc 2022). "Summary judgment is proper only if the moving party establishes that there is no genuine issue as to the material facts and that the movant is entitled to judgment as a matter of law." *Id.* (quoting *Green v. Fotoohighiam*, 606 S.W.3d 113, 115 (Mo. banc 2020)). "The record below is reviewed in the light most favorable to the party against whom summary judgment was entered, and that party is entitled to the benefit of all reasonable inferences from the record." *Glendale Shooting Club, Inc. v. Landolt*, 661 S.W.3d 778, 782 (Mo. banc 2023) (quoting *Brockington*, 654 S.W.3d at 880).

**Analysis**

Albright claims the circuit court erred in granting UE's motion for summary judgment because the facts it set forth does not entitle UE to judgment as a matter of law. Instead, Albright asserts that UE has only demonstrated there is no dispute as to what Albright's Amended Petition says and to the fact that Albright's interrogatory responses indicated that several people have said that a circuit breaker in the home tripped repeatedly. This Court agrees. Granting summary judgment on this limited record inappropriately shifts the burden of establishing a right to judgment as a matter of law from the from the moving party to the non-movant.

> A defendant
>
> may establish a right to judgment by showing (1) facts that negate *any one* of the claimant's elements facts, (2) that the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of *any one* of the claimant's elements, or (3) that there is no genuine dispute as to the existence of *each* of the facts necessary to support the movant's properly-pleaded affirmative defense.

*ITT Com. Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 381 (Mo. banc 1993) (emphasis in original).   The moving party bears the initial "burden of establishing a right to

3

judgment as a matter of law on the record as submitted[.]" *Id.* at 382. "The non-movant *never* needs to establish a right to judgment as a matter of law[.]" *Id.* at 381-82 (emphasis added). Rather, only when the movant makes a prima facie showing through the summary judgment record that the movant is entitled to judgment as a matter of law, is the burden shifted to the non-movant. *Id.* at 381.

In reviewing a motion for summary judgment, this Court only reviews what is properly put before it by way of Rule 74.04(c) paragraphs and responses. *Fotoohighiam*, 606 S.W.3d at 121. This Court looks "exclusively to the step-by-step procedure mandated by Rule 74.04 to determine whether there is a genuine issue of material fact." *Bracely-Mosley v. Hunter Eng'g Co.*, 662 S.W.3d 806, 810 (Mo. App. 2023). Rule 74.04 provides:

> A motion for summary judgment shall summarily state the legal basis for the motion.
>
> A statement of uncontroverted material facts shall be attached to the motion. The statement shall state with particularity in separately numbered paragraphs each material fact as to which movant claims there is no genuine issue, with specific references to the pleadings, discovery, exhibits or affidavits that demonstrate the lack of a genuine issue as to such facts.

Rule 74.04(c)(1). This Court does not sift through the record, or look beyond the numbered paragraphs and their responses, when assessing what the undisputed facts are. *Green*, 606 S.W.3d at 118.

UE argued that, after an adequate period of discovery, Albright could not and would not be able to present sufficient evidence that the fire was caused by electricity. To make a prima facie showing on this basis, UE was required to set forth uncontroverted facts that allowed the circuit court to reach that conclusion. Only then would the burden shift to Albright to demonstrate that he did, in fact, have evidence to support the claim. UE's allegations, however, do not meet that burden.

4

UE's statement of uncontroverted material facts does not state any fact that is relevant to the determination of whether Albright can produce evidence that electricity caused the fire. Rather, UE's facts are a recitation of Albright's Amended Petition allegations and one interrogatory response. These are only facts regarding what occurred during this litigation; none are facts regarding the underlying dispute. These facts do not, and cannot, establish that UE is entitled to summary judgment.

UE's motion is effectively a statement, unsupported by any fact, that UE does not believe that Albright can prove that electricity caused the fire. The motion then challenges Albright to prove his case in numbered paragraphs. But that is not how Rule 74.04 works. *See Smith v. Taney Cnty.*, 552 S.W.3d 745, 752 (Mo. App. 2018) ("The stated legal basis for the motion amounts to nothing more than a recital of the legal principle that [the plaintiffs] must prove their case. While true, that evidentiary presumption sheds no light whatsoever on whether [the plaintiffs] can do so."). UE was required to prove by uncontroverted facts that Albright has not, and cannot, prove that electricity caused the fire, thereby entitling UE to judgment as a matter of law. Because UE's recitation of Albright's petition and a single interrogatory response does not meet that burden, the burden never shifted to Albright.

This appeal, it seems, stems in large part from a discovery dispute among the parties. Albright is alleged to have missed a deadline for making his expert witness available for discovery. This failure to produce the expert was the basis of a motion to dismiss for failure to prosecute that UE filed simultaneously with its motion for summary judgment. When the circuit court entered summary judgment, it denied the failure to prosecute motion as moot. On remand, that motion, along with any other relevant motion, may be entertained if, in fact, the expert was not properly produced. But Albright's alleged failure to comply with discovery timelines does

5

not alleviate UE from its initial responsibility to demonstrate that it is entitled to judgment as a matter of law.

This conclusion is not changed by *Duncan v. Dempsey*, 547 S.W.3d 815 (Mo. App. 2018), on which UE relies in support of its arguments. *Duncan* involved the entry of summary judgment against a *pro se* litigant alleging a claim of legal malpractice against his former lawyer for the failure to secure collateral for a promissory note that the plaintiff took in exchange for his interest in a business. *Id.* at 818-19. The defendant in *Duncan* eventually filed a motion for summary judgment alleging that, after a sufficient period of discovery, the plaintiff could not find an expert witness to testify in support of his claims. *Id.* at 818. In its statement of uncontroverted material facts, the defendant stated that the plaintiff had failed to obtain an expert witness. *Id.* The defendant also argued that there was no evidence to demonstrate that the plaintiff ever would have received collateral to secure the promissory note. *Id.* at 818. The plaintiff admitted that he had not yet provided evidence from an expert witness, and the circuit court granted summary judgment. *Id.* at 819. This Court then affirmed.

UE argues that, like the defendant in *Duncan*, it alleged there is no evidence to support Albright's case, and therefore the burden should have shifted to Albright to prove otherwise. But *Duncan* does not stand for that proposition. Notably, it is unclear from the *Duncan* opinion what the defendant included in its statement of uncontroverted facts. It is not difficult to surmise that the facts were more robust and substantive than they were here because the opinion details the transaction that formed the basis of the suit. It is also apparent that the issue of expert disclosure was directly addressed in the statement of facts because *Duncan* states that the defendant's uncontroverted facts included the statement that the plaintiff had not submitted an expert witness to testify. *Id.* at 819.

Additionally, *Duncan* relies on the well-settled proposition that it is the moving party's burden to establish a prima facie showing of entitlement to judgment as a matter of law. *Id.* at 819. Only after the movant makes the showing required by Rule 74.04(c) is the non-movant required to show that a genuine issue of fact exists. *Id.*; *Green*, 606 S.W.3d at 117. Because UE failed to make a prima facie showing that it is entitled to judgment as a matter of law, the circuit court erred in issuing summary judgment in UE's favor.

## Conclusion

The circuit court's judgment is reversed, and the case is remanded for further proceedings.

_____
John P. Torbitzky, P.J.

Robert M. Clayton III, J., and
Michael S. Wright, J., concur.