WOOD & HUSTON BANK, Respondent,

v.

Walter Ray MALAN and Carolyn Malan, Appellants.

No. WD 43668.

Missouri Court of Appeals, Western District.

Aug. 13, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 1, 1991.

Andrew C. Webb, Sedalia, for appellants.

Charles E. Fowler, III (argued), Kip A. Stetzler, Kansas City, for respondent.

Before NUGENT, P.J., and WASSERSTROM, Senior Judges, and KENNEDY and GAITAN, JJ.

NUGENT, Senior Judge.

Defendants Carolyn Malan and her husband, Walter, appeal from the trial court's entry of summary judgment in favor of plaintiff Wood & Huston Bank on Count I of its petition for judgment on notes signed by the defendants and on Count II seeking foreclosure on their real and personal property, and from the court's judgment in the plaintiff's favor on all three counts of the defendants' counterclaims. We affirm the judgment of the trial court.

On appeal, the defendants raise five points, each alleging error in the trial court's granting of plaintiff bank's motion for summary judgment. First, they argue that the trial court erred in concluding that no genuine issue of material fact exists. Second, the Malans contend that the difference between the amounts they allege they owe the bank and the amount the bank contends they owe creates a genuine issue of material fact. Third, they assert that the alleged fiduciary relationship with the bank, raised in Count I of their counterclaim, creates a genuine issue of material fact. Fourth, the defendants argue that they raised a genuine issue of material fact in Count II of their counterclaim alleging the bank's fraudulent actions involving their encumbering their residence. Finally, they maintain that a genuine issue of material fact arose in Count III of their counterclaim that the bank, without their permission, removed an abstract from their safe deposit box.

For about the twenty years before this action, the Malans banked with plaintiff Wood & Huston Bank and rented a safe deposit box there. From 1983 until 1987, they executed ten promissory notes with the plaintiff, using the proceeds to purchase and maintain mobile homes as rental property. In 1983, the defendants encumbered several mobile homes and other pieces of personal property. That year they also entered into an agreement with a bank officer, James Rosenquist, in which they assigned to the bank the rents from their mobile homes. They opened a "rent account" into which they deposited the rents and upon which Mr. Rosenquist wrote checks for repairs to the units and, most importantly, for payments on their debts to the bank. According to Mr. Malan's deposition testimony, the owner of the trailer park in which the defendants kept their units collected the rent for them from all their tenants, and, eventually, began paying that money, through Mr. Rosenquist, into the rent account.

In August, 1984, the Malans signed a note for $10,500.00, secured by a deed of trust on their residence. In his deposition testimony, Mr. Malan testified that he and Ms. Malan believed the bank simply wanted them to sign a note renewal and that they neither wanted nor intended to encumber their residence. According to Mr. Malan, Mr. Rosenquist would not allow them to read the documents that they signed and said, "Sign the damn note. I ain't got time to fool with you today," and laughed. Further, according to Mr. Malan's deposition testimony, after signing, the couple did not ask to see the documents.

The couple's indebtedness to the bank mounted, and in 1988 it filed suit for judgment against them on the notes and for foreclosure on their real and personal property. The defendants denied the bank's claims and filed three counterclaims. In June, the defendants filed their first request for production of documents. In July, the bank deposed Mr. Malan and in September filed the deposition, along with many documents. On January 23, 1990, the plaintiff delivered its first request for admissions to defendants' counsel. They failed to respond to those requests in compliance with Rule 59.01 of the Missouri Rules of Civil Procedure, that is, within twenty days after service of the requests. They did not object to the requests or attempt to excuse their failure to answer or seek an extension of time within which to answer. On March 9 the plaintiff moved for summary judgment based in part on

the defendants' admissions under Rule 59.-01. Three days later without seeking or obtaining leave of court to do so, the defendants filed their responses to plaintiff's requests for admissions. On March 22, the court held a hearing on the summary judgment motion.

In their response to the plaintiff's motion for summary judgment, the defendants asserted the "untruth" of the bank's figures in its petition and its motion, but they offered nothing to refute the truth or accuracy of those figures. The defendants alleged that they had insufficient information to either admit or deny the plaintiff's requests for admissions. They reaverred their denial in their answer to the plaintiff's petition, denying the amount the defendant claimed in its petition and in its motion for summary judgment, insisting that they had no way to "ascertain the amount due on the promissory notes." They claimed that, therefore, a genuine issue of material fact remained and precluded entry of summary judgment.

During oral argument to the trial court on the motion for summary judgment, the defendants' counsel stated that the defendants "don't know what the balance is," but they "know it is not" what the bank alleged. The trial judge asked counsel, "All you are saying is whatever they [the bank] say[,] you say it is not, and because you say it is not, then it ought to go to jury trial?" The defendants' counsel argued, "We have figures provided to us by the bank showing those [the bank's] figures are incorrect. So, in our opinion there is a genuine issue as to what the balances on the notes are."

Unfortunately, however, the defendants' response to the motion for summary judgment does not set out those figures. The trial judge characterized the defendants' response to the motion for summary judgment as a mere "general denial" and as insufficient.

During the argument to the trial court, the defendants' counsel asserted that the plaintiff had waived the defendants' default in untimely answering the plaintiff's requests for admissions. The record reveals, however, that the plaintiff exploited the defendants' default throughout the case.

On April 19 the trial court sustained the plaintiff's motion for summary judgment as to the plaintiff's petition and the defendants' counterclaim. The defendants timely moved to vacate the judgment and upon denial of the motion filed a timely appeal.

■ In their first point on appeal, the defendants contend that they raised a genuine issue of material fact, therefore, the trial court erred generally in sustaining the summary judgment motion.

Rule 74.04, Missouri Rules of Civil Procedure derives from Rule 56, Fed.R.Civ.P., and, provides in part as follows:

(a) **For Claimant.** At any time after the expiration of thirty days from the commencement of the action or after service of a motion for summary judgment by the adverse party, a party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof.

Rule 74.04(c) requires that the movant state the grounds for such a motion with particularity. It further provides that:

[t]he judgment sought shall be entered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Rule 74.04(e) provides in part that:

[w]hen a motion for summary judgment is made and supported as provided in this rule 74.04, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule 74.04, shall set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

■ In addressing a summary judgment, an appellate court must review the entire record in the light most favorable to the party against whom the trial court entered judgment. *Fisher v. Scott & Fetzer Co.*, 664 S.W.2d 662, 663 (Mo.App.1984). The trial court must exercise great care in utilizing this remedy. *Gal v. Bishop*, 674 S.W.2d 680, 682 (Mo.App.1984). It may enter summary judgment where the pleadings, depositions and admissions on file, together with the affidavits, if any, show that no genuine issue of material fact exists and that the law entitles the moving party to a favorable judgment. *Ronollo v. Jacobs*, 775 S.W.2d 121, 125 (Mo.1989)[1]; Rule 74.04(c). The motion need not rest on unassailable proof. *Schwartz v. Lawson*, 797 S.W.2d 828, 832 (Mo.App.1990). To overcome a motion for summary judgment, the opposing party may not rest upon mere allegations or denials, but must set forth specific facts that demonstrate the existence of an outstanding genuine issue of material fact. *St. Charles County v. Dardenne Realty Co.*, 771 S.W.2d 828, 830 (Mo.1989). Facts of such probative value as would control or determine the litigation constitute "material facts." *Schneider v. Forsythe Group, Inc.*, 782 S.W.2d 139, 142 (Mo.App.1989). Mere doubt and speculation do not create a genuine issue of material fact. *St. Charles County, supra.* Rather, the record must demonstrate a factual question that would permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986).

As we demonstrate below in addressing the defendants' other points on appeal, they have raised no genuine issue of material fact. The first flaw in their argument appears early in their brief, where they contend that the slightest doubt about the facts creates a genuine issue of material fact. The standard for reviewing summary judgment, as set out in *Anderson, supra,* belies this outdated notion. *Ronollo* and *St. Charles, supra,* reflect the holdings in *Anderson* and in cases extending back to

the last century. *See Improvement Co. v. Munson*, 14 Wall. 442, 448, 20 L.Ed. 867 (1872). Those cases have made summary judgment a more common and less drastic remedy by barring it only where the existence of a genuine issue of material fact exists, rather than precluding it whenever the slightest doubt resting on a scintilla of evidence appears. As an example of this change, note the abandonment of the doctrine that a motion must rest on unassailable proof. *Schwartz, supra,* 797 S.W.2d at 832. This increasingly common sense approach to a determination of the availability of summary judgment accords with the rationale employed in *Anderson, Ronollo,* and *Schwartz,* and not only enables the trial courts to rid themselves of the added burden of baseless cases, but saves litigants time, money and frustration. As the United States Supreme Court held in *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2554–55, 91 L.Ed.2d 265 (1986), "Summary judgment procedure is properly regarded not as a disfavored procedural short cut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action,'" citing Rule 1, Fed.R.Civ.Proc.; *see Schwarzer,* Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact, 99 F.R.D. 465, 467 (1984). The foregoing language of Rule 1 reappears in Rule 41.03 of the Missouri Rules of Civil Procedure.

■ In their second point on appeal, the defendants maintain that the trial court erred in sustaining the bank's motion for summary judgment since the evidence clearly revealed a genuine dispute regarding the balances owed on the notes. Therefore, they conclude, the court could not summarily order the relief the bank sought in its petition for judgment on the notes and foreclosure on the defendants' property.

The defendants, however, failed to provide any balance that conflicts with the bank's. They merely assert that at different times the bank told them different

---

1. Since October 28, 1982, the Missouri Supreme Court has heard all cases en banc.

sums that they allegedly owed. In their untimely responses to the bank's requests for admissions, the Malans proffered handwritten notations of various earlier balances allegedly obtained from the bank that they maintain contradict the balances claimed by the bank in its petition.

The plaintiff correctly observes that the defendants have admitted executing the notes in question, the balance due on the principal, the rate of interest, and their default in the payment of the notes. Rule 59.01 provides that when a party fails to make timely answer or objections to requests for admissions, the genuineness of any relevant documents or the truth of any relevant and material matters of fact contained in the request for admissions, the court shall deem those matters admitted. Rule 61.01(c).

In their third point on appeal, the Malans contend that the trial court erred in entering summary judgment on Count I of their counterclaim, which alleged that the bank violated the fiduciary duty it owed the defendants. They argue that a fiduciary relationship arose when the bank began collecting rents on their mobile homes and applying those to payment of their debts.

First, the defendants have failed to show the existence of a fiduciary relationship. Generally, the relationship between a bank and its depositor involves a contractual relationship between a debtor and a creditor. *Matter of Estate of Parker*, 536 S.W.2d 25, 29 (Mo.1976) (en banc). The defendants made no showing that the relationship changed when the bank exercised its right to use their deposits, with or without their approval, to satisfy their debts to the bank. *Adelstein v. Jefferson Bank and Trust Co.*, 377 S.W.2d 247, 251 (Mo. 1964); *Greenwood v. Bank of Illmo*, 782 S.W.2d 783, 785–86 (Mo.App.1989).

Even assuming that a fiduciary relationship existed, the defendants made no attempt to show that the bank failed to deposit into their rent account a single rent check that it collected. Again, they make mere assertions that lack the concrete factual allegations and showings relating to

their Count I necessary to create a genuine issue of material fact.

In their fourth point on appeal, the defendants argue that the trial court erred in entering summary judgment on Count II of their counterclaim because they proffered evidence demonstrating that the bank committed fraud in the 1984 transaction in which the defendants signed a $10,500 note and a deed of trust encumbering their residence.

In Count II the defendants alleged that the bank's officer, James Rosenquist, requested that they sign a $10,500 promissory note for the purpose of refinancing an existing automobile loan, and, relying upon this false representation, they signed the note. They also alleged that they had no knowledge of the true purpose of the note, that they had no intent to convey any interest in their residence to the bank.

The note and deed of trust in evidence belie those allegations. The note bears the label "REAL ESTATE NOTE" in large, bold face type on the reverse side. The face of the deed of trust not only displays a heading "DEED OF TRUST" in large, bold face type, it plainly shows a typewritten description of real property situated in the "Original Town of Miami," where the defendants live.

Nevertheless, in his deposition, which the trial court saw, when asked if he had read the note and deed of trust before he signed them, Mr. Malan testified that the banker "held the note in such manner that all that was visible is where we sign." He admitted that he did not look to see the amount of the note. Mrs. Malan also testified that she signed the note and the deed of trust without looking at them.

Rule 74.04(e) requires that one opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but his response ... shall set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." No genuine issue of material fact appears unless the opponent contesting the motion for

summary judgment presents evidence of "sufficient caliber and quality to allow a rational finder of fact to find" for the opponent. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 256, 106 S.Ct. at 2514. Facts of such probative value as would control or determine the litigation constitute "material facts." *Schneider v. Forsythe Group, Inc.,* 782 S.W.2d 139, 142 (Mo.App.1989). "Merely colorable" evidence or evidence lacking "significant probative" value cannot raise a genuine issue. *Anderson,* 477 U.S. at 249–50, 106 S.Ct. at 2510–11.

Thus, when the plaintiff bank moved for summary judgment on Count II of the defendants' counterclaim, the question for the trial court became whether the defendants' claim of fraud "set forth specific facts showing ... a genuine issue for trial." Rule 74.04(e). To make that determination, the trial court had to decide "whether a fair minded jury could return a verdict for the [defendants] on the evidence presented." *Anderson, supra,* at 252, 106 S.Ct. at 2512.

Under a long settled principle, "the common law affords to everyone * reasonable protection against fraud in dealing; but it does not go to the romantic length of giving indemnity against the consequences of indolence and folly or a careless indifference to the ordinary and accessible means of information." 2 Kent's Commentaries * 485, quoted in *Local Finance Co. v. Charlton,* 289 S.W.2d 157 (Mo.App.1956). *See also Dickinson v. Bankers Life & Casualty Co.,* 283 S.W.2d 658, 663 (Mo.App.1955). Ordinarily, one must "learn what an instrument contains before he signs it." *Local Finance Co. v. Charlton,* 289 S.W.2d at 163–64. Where signers fail to read a note and a deed of trust despite ample opportunity to do so, as the defendants did here, as a matter of law they may not claim fraud. *Id.*

Accordingly, whether we view the defendants' counterclaim in Count II as barred as a matter of law, as in *Local Finance Co. v. Charlton,* or as too insubstantial to raise a genuine issue, the trial court correctly entered summary judgment against them on that count.

■ Finally, the Malans argue that the trial court erred in entering summary judgment against them on Count III of their counterclaim, in which they charge that the bank committed a breach of its contract with them by permitting someone to enter their safe deposit box without their knowledge or permission and, thus, to remove an abstract of their residential property. They have shown a photocopy of an abstract and testified that they did not remove it. In his deposition Mr. Malan testified, however, that he had no proof that the bank took the abstract from the defendants' safe deposit box.

The bank has attested that only two keys to the box existed and that it had neither; the defendants admitted that they had two keys to the box. Their bald allegations create not even the merest suspicion that someone other than they ever entered their safe deposit box to obtain their abstract. The trial court correctly entered summary judgment against the defendants on Count III of their counterclaim, since they proffered no substantive evidence tending to prove their allegation or to raise a genuine issue of material fact.

In addition, the plaintiff argues that the Malans' final point on appeal also fails because they raise a breach of contract issue, but seek a remedy in tort. We need not address that issue because we have determined that the defendants raise no genuine issue of material fact.

For the foregoing reasons, we affirm the judgment of the trial court.

All concur.