**SAUNDERS–THALDEN AND ASSOCIATES, INC.,**
Appellant,

v.

**THOMAS BERKELEY CONSULTING ENGINEER, INC., Respondent.**

**No. WD 44731.**

Missouri Court of Appeals,
Western District.

March 3, 1992.

386

Kevin E. Glynn, Kansas City, for appellant.

Michael Andrew Childs, Kansas City, for respondent.

Before FENNER, P.J., and ULRICH and SPINDEN, JJ.

FENNER, Presiding Judge.

Appellant, Saunders–Thalden and Associates, Inc. (Saunders–Thalden), appeals the order of the trial court granting summary judgment to respondent, Thomas Berkeley Consulting Engineer, Inc. (Berkeley Consulting).

In April of 1985, the City of Richmond, Missouri, filed a lawsuit against Saunders–Thalden and others not parties herein. The City alleged in its lawsuit that Saunders–Thalden, an architectural firm, breached its contract with the City to design and supervise construction of a pool and park facility for the City. Among other allegations, the City of Richmond alleged that the design and construction of the swimming pool in question was defective because of the use of PVC piping around the perimeter of the pool as the mode by which to recirculate pool water. The City alleged that the selection of PVC piping was improper because it was placed in fill material and not supported so as to withstand stress from temperature shrinkage and expansion or stress from settlement of the surrounding soil. The City alleged damages from the breaking of the PVC piping and resulting breakage and settlement of the concrete pool deck.

In March of 1990, Saunders–Thalden was granted leave by the trial court to file a Third–Party Petition to bring Berkeley Consulting and Kansas City Testing Laboratories into the City's cause of action as third-party defendants. Saunders–Thalden alleged in its Third–Party Petition against Berkeley Consulting that Berkeley Consulting was negligent and had breached its agreement with Saunders–Thalden to provide mechanical design services for the pool in question. Saunders–Thalden alleged that Berkeley Consulting improperly designed the piping system for the pool using PVC piping without any support for the piping other than the surrounding soil. Saunders–Thalden's action against Kansas City Testing Laboratories was settled.

On July 26, 1990, the third-party action, which is the subject of this appeal, was severed from the underlying cause. Thereafter on March 12, 1991, Berkeley Consulting filed a Motion for Summary Judgment in the third-party action. On March 27, 1991, the trial court granted Berkeley Consulting summary judgment against Saunders–Thalden. Saunders–Thalden appeals the court's order of summary judgment.

In its sole point on appeal, Saunders–Thalden argues that the trial court erred in granting summary judgment on behalf of Berkeley Consulting because the record reflects genuine issues of material fact regarding Berkeley Consulting's negligence and breach of contract. Saunders–Thalden argues in its point relied on that evidence presented through the testimony of Wallace Beasley and Thomas Berkeley presented material issues of fact. Saunders–Thalden argues further in its point relied on that the trial court erred by not reconsidering the order granting summary judgment in light of the testimony of David Crawford and Willis Saylers, as well as the affidavit of counsel for Saunders–Thalden, in regard to an expert opinion that Saunders–Thalden represented that it would obtain from Sam Wolfinbarger.

In addressing a summary judgment, an appellate court must review the record in the light most favorable to the party

against whom the trial court entered judgment. *Wood & Huston Bank v. Malan*, 815 S.W.2d 454, 457 (Mo.App.1991) (citations omitted). The trial court may enter summary judgment where the pleadings, depositions and admissions on file, together with the affidavits, if any, show that no genuine issue of material fact exists and that the law entitles the moving party to a favorable judgment. *Id.* To overcome a motion for summary judgment, the opposing party may not rest upon mere allegations or denials, but must set forth specific facts that demonstrate the existence of an outstanding genuine issue of material fact. *Id.* If the opposing party does not so respond, summary judgment, if appropriate, shall be entered against him. Rule 74.-04(e).

Saunders–Thalden's first argument in its point relied on is that the deposition testimony of Wallace Beasley and Thomas Berkeley, which Saunders–Thalden presented in opposition to Berkeley Consulting's Motion for Summary Judgment, raised material issues of fact which preclude summary judgment.

■ In regard to the deposition testimony of Thomas Berkeley, Saunders–Thalden develops nothing in the argument section of its brief to show how this testimony raised material issues of fact as to the negligence or breach of contract of Berkeley Consulting.

When matters referenced as alleged error in a point relied on are not developed in the argument portion of a brief, they are deemed abandoned. *Amos v. Altenthal*, 645 S.W.2d 220, 228 (Mo.App.1983). Saunders–Thalden's argument that the deposition testimony of Thomas Berkeley presented a material issue of fact is denied.

■ In regard to the deposition testimony of Wallace Beasley, the admissibility of this testimony is questioned in that Beasley's deposition was taken in the City of Richmond's case against Saunders–Thalden at a time when Berkeley Consulting was not a party.

Relying on *Cologna v. Farmers and Merchants Insurance Company*, 785 S.W.2d 691 (Mo.App.1990), appellant argues that when considering a motion for summary judgment, the trial court may consider evidence heard in a companion case even though the parties may not be strictly bound by the evidence. Appellant's reliance on *Cologna* is not applicable and is clearly distinguishable from the case at bar.

The *Cologna* case concerned three intricately intertwined proceedings: a wrongful death action, a declaratory judgment action and a garnishment action. All three actions were brought at or near the same time, and they all involved the same parties. In *Cologna*, a widow brought a wrongful death action against her deceased husband's former spouse as the result of his death from the discharge of a shotgun. Farmers, the homeowners insurer of the former spouse, provided a defense to the ex-wife and filed a declaratory judgment action on the question of coverage. After a verdict in favor of the widow in the wrongful death action, garnishment was taken against Farmers. In sustaining summary judgment for the widow in her garnishment action against Farmers, evidence from the other proceedings was allowed.

In the case at bar, we have different cases with different parties. Although Berkeley Consulting had briefly been added as a third party defendant in the City of Richmond's case against Saunders–Thalden, Berkeley Consulting was not a party when the deposition of Wallace Beasley was taken. Furthermore, the record before this court does not reflect that the Beasley deposition was signed in a fashion that might otherwise have been sufficient to constitute an affidavit for purpose of consideration on the Motion for Summary Judgment.

■ In order for documents relied upon by the parties in reference to a motion for summary judgment to be properly before the trial court or the reviewing court on appeal, they must be properly made a part of the record. *Hill v. Air Shields, Inc.*, 721 S.W.2d 112, 116 (Mo.App.1986). The Beasley deposition was not properly made a part of the record herein.

Saunders–Thalden's argument that the trial court erred by not considering Wallace Beasley's deposition is denied.

Saunders–Thalden argues next that the trial court erred by not reconsidering its order granting summary judgment in light of additional evidence presented by Saunders–Thalden.

The trial court granted summary judgment in favor of Berkeley Consulting on March 27, 1991. Thereafter, on April 17, 1991, appellant filed a Motion for Reconsideration of the court's order of summary judgment. The trial court held a hearing on appellant's Motion for Reconsideration on April 19, 1991, and denied the motion for reconsideration.

In support of its Motion for Reconsideration, Saunders–Thalden presented exhibits consisting of deposition testimony of David Crawford and Willis Saylers from the City of Richmond case, in addition to an affidavit from Saunders–Thalden's counsel representing that Saunders–Thalden would obtain an expert opinion from Sam Wolfinbarger in support of its claim against Berkeley Consulting.

■ A motion for reconsideration of the trial court's order in a summary judgment proceeding is considered as a motion for new trial in a court tried case. *Farmers State Bank v. Place-Wiederholt*, 747 S.W.2d 170, 172 (Mo.App.1988). Such a motion must be filed within fifteen days of the summary judgment. *Id.;* Rule 73.-01(a)(3). A motion for new trial filed more than fifteen days after the judgment was entered preserves nothing for appellate review. *Wilson By and Through Wilson v. Stephens*, 757 S.W.2d 297, 298 (Mo.App. 1988).

Saunders–Thalden's Motion for Reconsideration was filed 21 days after the court entered summary judgment and said motion preserves nothing for review.

The judgment of the trial court is affirmed.

All concur.