Marjorie **HEPLER** and Carmel Hepler, **Plaintiffs–Respondents,**

v.

**CARUTHERSVILLE SUPERMARKET COMPANY, Defendant–Appellant.**

No. 24869.

Missouri Court of Appeals, Southern District, Division One.

April 23, 2003.

Joseph R. Swift, T. Michael Ward, Brown & James, P.C., St. Louis, for defendant–appellant.

W. Edward Reeves, Ward & Reeves, for plaintiffs–respondents.

PHILLIP R. GARRISON, Judge.

In this slip-and-fall case, Caruthersville Supermarket Company ("Defendant") appeals from a judgment, following a jury verdict, rendered in favor of Marjorie Hepler ("Plaintiff"). The jury found Defendant one hundred percent at fault for injuries sustained by Plaintiff and awarded her $27,000 in damages. Defendant alleges in its sole point that it was error to submit Plaintiff's verdict directing instruction to the jury. We affirm.

Early on the evening of December 5, 1999, Plaintiff and her husband, Carmel Hepler ("Husband"), drove to Hays Grocery Store in Caruthersville, Missouri to purchase a poinsettia. Defendant is the owner of Hays Grocery Store. The weather was fair, the sun had not yet set, and the store's parking lot was not affected by snow, ice or rain. No grease or oil was on the ground in the area where Husband parked the Heplers' vehicle, at the front of the store several spaces from the front door.

Plaintiff got out of the car on the passenger side and walked around the front of the vehicle to what is referred to by the parties as a "sidewalk" along the front of the building.[1] Husband walked toward the front door, approximately two steps ahead of Plaintiff. On the sidewalk between Plaintiff and the front door were between five and eight Christmas trees displayed for sale. The trees completely blocked Plaintiff's path along the sidewalk and protruded slightly over the edge of the sidewalk. Needles from the trees covered the sidewalk and the parking lot just in front of the sidewalk.

In order to avoid the trees, Plaintiff left the sidewalk area and walked approximately three feet into the parking lot in an attempt to walk around the trees. Before she could reach the front door, however, her feet slipped on the pine needles in the parking lot and she fell to the ground, sustaining permanent injuries. Husband did not see the fall, but heard Plaintiff call for help and returned to assist her in standing up. As he helped her into the car to take her to a local hospital, Husband noticed pine needles on Plaintiff's clothes and in her hair.

At trial, Plaintiff's submitted a verdict directing instruction, Instruction No. 5, which read as follows:

In your verdict you must assess a percentage of fault to [Defendant], whether or not [Plaintiff] was partly at fault, if you believe:

First, there were Christmas trees and their needles located on or near the sidewalk of [Defendant's] store and as a

---

1. The "sidewalk" was a level area adjacent to the front of the store and delineated by a yellow painted line. There was no curb defining the "sidewalk," but the pavement sloped from the yellow line to the parking area.

result the sidewalk was not reasonably safe, and

Second, [Defendant] knew or by using ordinary care, could have known of this condition, and

Third, [Defendant] failed to use ordinary care to remove the Christmas trees and their needles from their location on or near the sidewalk, or to barricade the area where the Christmas trees and their needles were located, or to warn [Plaintiff] of the Christmas trees and their needles, and

Fourth, as a direct result of such failure, [Plaintiff] sustained damage.

At the instruction conference, Defendant objected to the submission of the verdict director on the basis that (1) the submission of the phrase "Christmas trees and their needles located on or near the sidewalk" in the second paragraph of the instruction gave the jury a "roving commission" and was not supported by the evidence, (2) there was no evidence the Christmas trees caused or contributed to cause Plaintiff's injuries, and (3) there was no evidence that Plaintiff slipped while she was on the sidewalk. The trial court overruled Defendant's objection. Following the verdict and entry of judgment, Defendant renewed its objection to the verdict director in its motion for new trial, which was also overruled.

In its sole point, Defendant claims the trial court erred in denying its motion for new trial because the court committed prejudicial error in submitting Plaintiff's verdict directing instruction in that no substantial evidence supported its submission to the jury. Specifically, Defendant complains that:

A. The instruction hypothesized in the disjunctive that (1) Christmas trees and their needles on Defendant's sidewalk or (2) Christmas trees and their needles located near the sidewalk caused the sidewalk to not [sic] be reasonably safe;

B. The first disjunctive impermissibly gave the jury a roving commission because there is no evidence that Christmas trees and their needles on the sidewalk caused Plaintiff's fall; and

C. The instruction specified that the sidewalk was not reasonably safe; however, the undisputed evidence shows that Plaintiff did not fall on the sidewalk, but instead fell on the adjoining parking lot.

In support of its point, Defendant offers two closely related arguments. First, submitting, at the end of paragraph A, that the sidewalk itself was unsafe, while Plaintiff's case was predicated upon a fall near, but not on, the sidewalk, gave the jury an impermissible roving commission, whereby the jury was "free to find against [Defendant] based on the mere presence of Christmas trees on the sidewalk and not on the condition of the parking lot, the place where [Plaintiff] fell."

■■■ Instructional error must be prejudicial to a party to warrant reversal. *Vintila v. Drassen,* 52 S.W.3d 28, 35 (Mo. App. S.D.2001). The presence or absence of prejudice in the giving of instructions is a question of law and is to be judicially determined. Rule 70.02;[2] *Baldridge v. Lacks,* 883 S.W.2d 947, 956 (Mo.App. E.D. 1994). Reversal is required where an instruction misdirected, misled or confused a jury, or where the merits of the case were

---

**2.** References to rules are to Missouri Rules of Civil Procedure (2002) unless otherwise indicated.

affected by the submission of the flawed instruction. *Vintila* at 35.

■ There must be substantial evidence supporting an issue before that issue may be presented to a jury by the giving of an instruction; submitting the instruction despite the lack of such evidence constitutes reversible error. *Messina v. Prather*, 42 S.W.3d 753, 759 (Mo.App. W.D.2001); *Swenson v. Elms Timesharing Intervals, Inc.*, 887 S.W.2d 632, 634 (Mo.App. W.D. 1994).

■ Prejudicial and reversible error occurs when an instruction is proffered to a jury that gives the jury a roving commission. "A 'roving commission' occurs when an instruction assumes a disputed fact or submits an abstract legal question that allows the jury 'to roam freely through the evidence and choose any facts which suited its fancy or its perception of logic' to impose liability." *Seitz v. Lemay Bank & Trust Co.*, 959 S.W.2d 458, 463 (Mo. banc 1998) (quoting *Davis v. Jefferson Sav. & Loan Ass'n*, 820 S.W.2d 549, 556 (Mo.App. E.D.1991)). *See also Coon v. Dryden*, 46 S.W.3d 81, 92–93 (Mo.App. W.D.2001) (instruction gives jury a roving commission "when it is too general or where it submits a question to the jury in a broad, abstract way without any limitation to the facts and law developed in the case").

■ Defendant's argument that the verdict director gave the jury a roving commission is unpersuasive. Defendant suggests that the disjunctive phrase "on or near the sidewalk" in that paragraph lacked the required evidentiary support for both assignments in that phrase. Defendant is correct in stating that where a verdict directing instruction submits in the disjunctive, the instruction is erroneous unless the evidence is sufficient to support each of the assignments. *See Deckard v. O'Reilly Automotive, Inc.*, 31 S.W.3d 6, 18 (Mo.App. W.D.2000). Given the evidence, however, we fail to discern how this principle benefits Defendant. The testimony of Plaintiff and Husband seems clearly to have established the presence of Christmas trees and their needles, both on the sidewalk and in the portion of the parking lot abutting the sidewalk. Thus, the disjunctive phrase "on or near the sidewalk" was supported by substantial evidence and did not invite the jury to "rove" through the evidence in search of a theory of liability wholly unsupported by the evidence.

■ Similarly, Defendant's suggestion of error in submitting the phrase "as a result the sidewalk was not reasonably safe" at the end of the second paragraph is unavailing. Defendant argues that this phrase misdirected the jury to find liability based upon the dangerous condition of the sidewalk, while the evidence showed that Plaintiff fell not on the sidewalk but, instead, in the parking lot. We decline, as we must, to adopt this hyper-technical reading of the instruction.

■ In considering the propriety of a proffered verdict director, a court must not read portions thereof in isolation from the remainder of the instruction. *Pierce v. Platte–Clay Electric Coop., Inc.*, 769 S.W.2d 769, 778 (Mo. banc 1989). In *Pierce*, our supreme court rejected an argument similar to that presented by Defendant; the use of the word "remedy" in a part of the plaintiff's verdict director was found not to be impermissibly vague when considered in the context of the entire instruction, which elsewhere made clear the particular "remed[ies]" the plaintiff contended the defendant should have pursued to alleviate the dangerous condition that caused the plaintiff's injuries. *Id.* at 777–78. The court refused to find a roving commission in a single phrase divorced from the rest of the instruction. *Id.* at 777. Read fairly, and in its entirety, the

instruction was found to have provided the jury with sufficient guidance in discerning the plaintiff's theory of recovery and the facts that the plaintiff argued supported that theory. *Id.* Belying the accuracy of Defendant's contention here, the court in *Pierce* stated that the "precise language used to define a defendant's duty or breach is not critical so long as the jury is required to find that the condition complained of presented a foreseeable risk of injury, that the defendant had actual or constructive knowledge of the risk and that defendant failed to remedy it." *Id.* (citing *Jackson v. City of St. Louis,* 422 S.W.2d 45, 48–49 (Mo.1967)).

Here, as in *Pierce,* the verdict director complained of conformed to the evidence and did not give the jury a roving commission. The instruction thrice refers to Christmas trees and needles being located on or near Defendant's sidewalk and identifies Defendant's negligence as its failure to barricade the "area," remove the trees and needles from their location "on or near" the sidewalk, or warn Plaintiff of the trees and needles. Thus, in keeping with the directive in *Pierce,* the condition complained of, Defendant's duty, and Defendant's breach of that duty are clear and in keeping with the evidence presented. Dissecting isolated phrases from the verdict director and founding thereon an allegation of a roving commission flies in the face of cases such as *Pierce,* and is ineffectual here.

■ The second prong of Defendant's argument alleges that the instruction was not supported by substantial evidence because no causal connection was established between the presence of Christmas trees and needles *on* the sidewalk, as submitted in the first half of the "disjunctive" described in paragraph A above, and Plaintiff's fall in the parking lot *near* the sidewalk. In this portion of its argument,

Defendant states no less than three times that Plaintiff "did not slip and fall on the parking lot because of conditions on the sidewalk." Essentially, this is the same argument discussed above, couched in terms of causation. It, too, is unpersuasive.

Of the cases cited by Defendant in support of this thrust of its argument, only one has potential merit, *McCroskey v. Burlington Northern R.R. Co.,* 825 S.W.2d 337, 340 (Mo.App. S.D.1992). In *McCroskey,* the plaintiff alleged his fall on one of two loading ramps operated by the defendant railroad was caused by the negligence of the railroad in failing to repair the second ramp. Had the state of disrepair of the second ramp not forced him to use the first ramp, the plaintiff claimed, his injuries would not have occurred. This court reversed the judgment for the plaintiff, holding he had failed to prove the defective condition of the second ramp caused his fall on the first ramp. *Id.* at 340–41.

*McCroskey* is inapposite here, however, for the reason cited by Plaintiff: here, a connection exists between the sidewalk and the parking lot that did not exist between the two loading ramps in *McCroskey.* The evidence here showed that the condition that caused Plaintiff's fall— Christmas tree needles on the parking lot—was caused by the Christmas trees on the sidewalk. This was not the case in *McCroskey,* where no evidence was adduced showing that the defective condition of one ramp caused a similarly defective condition on the other.

Defendant submits the truism that "if [Plaintiff's] theory may be characterized as being one in which a dangerous sidewalk condition forced her to walk on a similarly dangerous parking lot, she was free to submit an instruction consistent with such a theory." In fact, Plaintiff did base her

case upon such a theory, she submitted substantial evidence in support of such a theory, and the verdict directing instruction submitted to the jury is consistent with such a theory. We are unable to conclude that this instruction misdirected, misled or confused the jury, or that it affected the merits of the case. *See Vintila* at 35. Therefore, Defendant was not prejudiced by the submission of the instruction and said submission was not error under these facts. *Id.* This point is denied.

The judgment is affirmed.

MONTGOMERY, P.J., and BARNEY, J., concur.